NATIONAL LLOYDS INSURANCE COMPANY, Petitioner,

v.

George McCASLAND, Respondent.

No. B–6969.

Supreme Court of Texas.

May 10, 1978.

Haley, Fulbright, Winniford, Bice & Davis, Maurice G. Walton and Sherwin A. Winniford, Waco, for petitioner.

J. C. Jacobs, Corsicana, for respondent.

GREENHILL, Chief Justice.

This is a suit to recover on a fire insurance policy issued by National Lloyds Insurance Company [hereinafter "National Lloyds" or "the company"]. National Lloyds defended the suit by alleging that the policy was void because the value of the insured property had been willfully or fraudulently misrepresented, in violation of the policy provisions. The trial court upheld jury findings that such misrepresentation had occurred, and judgment was rendered for the company. The court of civil appeals reversed and remanded the case, holding that, because National Lloyds had not complied with the requirements of Article 21.35 of the Texas Insurance Code, there was no admissible evidence to support the jury findings. 553 S.W.2d 6.

National Lloyds has appealed to this court, urging that the court of civil appeals erred in basing its judgment on Article 21.35. One reason asserted for such error is that any complaint arising under that statute had been waived. We agree with this contention and reverse the judgment of the court of civil appeals. Because that court did not pass on a point of error concerning the factual sufficiency of evidence, the cause is remanded to the court of civil appeals.

Before the facts of this case are reviewed, a brief look at Article 21.35 of the Texas Insurance Code is in order. That statute reads in pertinent part as follows:

Except as otherwise provided in this code, every contract or policy of insurance issued or contracted for in this state shall be accompanied by a written, photographic or printed copy of the application for such insurance policy or contract, as well as a copy of all questions asked and answers given thereto.

A number of Texas cases have construed this statute and its predecessors, and the law is now well settled that failure to comply with the statute renders evidence of representations made in applying for insurance inadmissible into evidence. *Johnson v. Prudential Insurance Co.,* 519 S.W.2d 111 (Tex.1975); *Harris v. Allstate Insurance Co.,* 249 S.W.2d 669 (Tex.Civ.App.—Texarkana 1952, writ ref'd.). There are also a number of decisions indicating that the statute was intended to be mandatory. *American Surety Co. v. West State Bank,* 4 S.W.2d 312, 313 (Tex.Civ.App.—Waco 1928, writ ref'd); *Southwestern Surety Insurance Co. v. Hico Oil Mill,* 229 S.W. 479, 482 (Tex.Com.App.1921, jdgmt. adopted); *American Indemnity Co. v. Baldwin Motor Co.,* 19 S.W.2d 848, 849 (Tex.Civ.App.—Texarkana 1929, writ dism'd.). The cases have not, however, directly addressed the problem of a total failure to object to evidence, on the basis of the statute, at any stage of the trial court proceedings. This is the question presently before us.

The fire insurance policy involved in this case covered a frame house in the rural community of Chatfield, Texas. The house sold for $500 in August of 1974. On May 19, 1975, the house was conveyed by general warranty deed to J. Tobin Moore. The consideration recited in the deed was a Vendor's Lien note in the amount of $11,500, executed by Moore in favor of George McCasland. This note was additionally secured by a deed of trust from Moore to McCasland, and the deed of trust required Moore to obtain fire insurance on the property. McCasland instructed Moore to insure the property for at least $11,500, the amount of McCasland's interest as mortgagee. Moore contacted an agent of National Lloyds, and a fire insurance policy in the

amount of $12,500 was issued on the property. The policy, which was also dated May 19, 1975, named Moore as the insured and provided that any loss would be payable to McCasland, as mortgagee, to the extent of his interest at the time of the loss. It is undisputed that no application for insurance was attached to this policy.

The house was completely destroyed by fire in June of 1975, and McCasland made demand upon National Lloyds for payment of $11,500 under the policy. National Lloyds denied liability on the basis of a policy provision stating, "This entire policy shall be void if . . . the insured has willfully concealed or misrepresented any material fact or circumstance concerning this insurance, or the subject thereof. . ." The Company took the position that the house had been fraudulently or intentionally overvalued, and no proceeds were paid on the policy. McCasland then filed this suit.

The trial was to a jury, and National Lloyds introduced testimony designed to show that Moore and McCasland had intentionally overvalued the property when application for insurance was made. None of this testimony was objected to by McCasland as being inadmissible under Article 21.35 of the Texas Insurance Code. Sixteen special issues were submitted to the jury, and all were answered favorably to National Lloyds.

Broadly summarized, the jury found that when Moore made application for the insurance policy in question, he grossly overvalued the actual cash value of the property and falsely represented its value to be $12,500; that Moore knew he had grossly overvalued the property and had made a false representation; that he intended National Lloyds' agent to rely on his false representation and gross overvaluation; that National Lloyds' agent did so rely and would not have written the policy except for the false representation and gross overvaluation. The jury also found, in Special Issues 12 and 14, that George McCasland was aware (a) that the value of the property would be falsely represented and (b) that the property would be grossly overvalued,

when application for insurance was made. In Special Issues 13 and 15, the jury found that McCasland intended that the false representation and gross overvaluation be relied upon by National Lloyds' agent in issuing the policy.

McCasland objected to the submission of issues 12 through 15 on the grounds that there was no evidence or insufficient evidence to support jury answers thereon. McCasland renewed his "no evidence" and "insufficient evidence" objections in his motion for judgment notwithstanding the verdict; and, following the trial court's rendition of judgment in favor of National Lloyds, he made similar points in his motion for new trial. Again, none of these motions or points mentioned the inadmissibility of evidence under the Texas Insurance Code.

McCasland brought five points to the court of civil appeals. Four of them again urged that there was no evidence to support the jury verdict.

In his discussion of these points, McCasland made two arguments. First he asserted that there was simply no evidence that McCasland, the mortgagee, was involved in any false representations or gross overvaluation of the property. Second, he argued for the first time that because no application for insurance was attached to the policy, all of the evidence supporting the jury verdict was inadmissible under Article 21.35. The court of civil appeals expressly overruled McCasland's first argument and held that the evidence, if admissible, constituted some evidence to support the jury findings.

The court of civil appeals agreed, however, with McCasland's second theory that "evidence of Moore's misrepresentations was not admissible on the trial as a matter of law." The court recognized that McCasland had raised Article 21.35 for the first time on appeal; but because the statute was viewed as being mandatory, the court concluded that McCasland's "no evidence" objections were sufficient to preserve his complaint under the statute. We disagree.

The Texas Rules of Civil Procedure, and a great number of Texas cases, describe cer-

tain requirements for the preservation of error on appeal.

There are two places at which a waiver might apply. The first is a failure to object when the evidence was introduced. The second is a failure to call the trial judge's attention to the matter in a motion for new trial. National Lloyds' argument before this court is not directed toward the first; and this opinion will deal only with the second.

When the error complained of relates to the admission of evidence, the cases have clearly held that the error must be raised in a motion for new trial. *Garrett v. Standard Fire Insurance Co.,* 541 S.W.2d 635, 638 (Tex.Civ.App.—Beaumont 1976, writ ref'd n.r.e.); *Goldring v. Goldring,* 523 S.W.2d 749, 753 (Tex.Civ.App.—Fort Worth 1975, writ ref'd n.r.e.); *Allandale Nursing Home, Inc. v. John Bremond Co., Inc.,* 514 S.W.2d 958, 959 (Tex.Civ.App.—Austin 1974, writ ref'd n.r.e.); *Zeek v. Gaddy,* 287 S.W.2d 490, 492 (Tex.Civ.App.—Austin, 1956, writ ref'd n.r.e.). While it is true that McCasland did not directly urge to the court of civil appeals that the trial court erred in admitting evidence, his complaint was that the trial court erred in basing its judgment on evidence that should have been held inadmissible. In either type of complaint, the trial court must have had some opportunity to rule on the admissibility of evidence before the question of such admissibility can become a ground of complaint on appeal. This result is clearly dictated by the Texas Rules of Civil Procedure.

At the time of the trial in question Rule 320[1] provided that "Each motion for new trial . . . shall specify each ground on which it is founded, and no ground not specified shall be considered." In addition, Rule 374 stated, "A ground of error not distinctly set forth in the motion for new trial, in cases where a motion for new trial is required, shall be considered as waived."

As noted above, McCasland's motion for new trial contained no assignment which in any way urged error on the ground of Article 21.35 of the Texas Insurance Code. There were adequate objections that there was no evidence, or that the evidence had insufficient probative weight to support a judgment against McCasland; but such objections are simply too broad to encompass a narrow complaint that evidence was inadmissible under a given statute. This result is also dictated by the Texas Rules of Civil Procedure, as well as by a number of cases.

Rule 321 expressly provides,

Each ground of a motion for new trial . . . shall briefly refer to that part of the ruling of the court, charge given to the jury, or charge refused, *admission or rejection of evidence,* or other proceedings which are designated to be complained of, *in such way as that the point of objection can be clearly identified and understood by the court.* (Emphasis added).

Rule 322 goes on to provide that "Grounds of objection couched in general terms . . . shall not be considered by the court." This court has held on a number of occasions that when a motion fails to present a question in such a way that the trial court can clearly identify and understand it, the complainant is not entitled to raise the question in the court of civil appeals. *Meyer v. Great American Indemnity Co.,* 154 Tex. 408, 279 S.W.2d 575, 579 (1955); *Collins v. Smith,* 142 Tex. 36, 175 S.W.2d 407, 409 (1943). Further, when error is urged on one basis in the trial court, and on an entirely new and different basis in the court of civil appeals, the latter ground of complaint is not properly preserved for review. *Southwest Title Insurance Co. v. Plemons,* 554 S.W.2d 734 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.); *Krottinger v. Marchand,* 252 S.W.2d 217 (Tex.Civ.App.—Fort Worth 1952, no writ); *Dorsey v.*

---

1. All the references to Rules are to Texas Rules of Civil Procedure (1976). It should be noted that Rule 320 was amended, and Rule 374 was repealed, effective January 1, 1978.

Under the amended Rule 324, "a motion for new trial shall not be a prerequisite to the right to complain on appeal . . . ." We note,

without comment, that the amended rule also provides that: "Notwithstanding the forgoing, it shall be necessary to file a motion for new trial in order to present a complaint which has not otherwise been ruled upon." The admissibility of the evidence in question, not objected to, had not been previously ruled upon.

*Younger Brothers, Inc.,* 216 S.W.2d 294 (Tex.Civ.App.—Galveston 1948, no writ).

In the present case, neither McCasland's motion for new trial, nor any of the other objections he presented to the trial court, in any way indicated to the court, or led the court to understand, that his ground of complaint lay in Article 21.35 of the Texas Insurance Code. His complaint under that statute was therefore waived, and the court of civil appeals erred in considering it. Because the court's judgment of reversal was directly based on such consideration, the error was reversible.

The harmful effect of the court's consideration of Article 21.35 is further demonstrated by National Lloyds' remaining points of error. The company urges that it has a defense to Article 21.35 by virtue of being a "Lloyds plan" insurance company. While we need not pass on this contention, the points do demonstrate the dangers of considering matters for the first time on appeal. The question of the company's status as a Lloyds plan company was in no way developed in the trial court.

The judgment of the court of civil appeals is reversed. Because the court did not address McCasland's fifth point of error, which urged that the evidence was factually insufficient to support the trial court judgment, the case is remanded to the court of civil appeals. *Stanfield v. O'Boyle,* 462 S.W.2d 270, 272–3 (Tex.1971).