# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00166-CV

**Judy Howze, Appellant**

**v.**

**William Howze, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 148,770-A, HONORABLE JOE CARROLL, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

This appeal arises out of appellant's motion to modify a joint managing conservatorship to change the conservator with the right to designate the residence of the child L.H. from William Howze to Judy Howze.[1]  After trial, the jury found that no modification should be made, leaving William Howze as the conservator with the right to designate the residence.  The court signed an order in accordance with the jury's verdict, from which Judy Howze appeals.

In three issues on appeal, Judy Howze contends that the same person was improperly appointed as both the guardian and attorney ad litem; that her child received ineffective assistance of counsel; and that she was deprived of her right to protect the best interest of her child.

---

[1] For clarity, we will refer to the parties by their full names.

**Background**

The disputed issue in this case was with whom L.H. would live. Because we will dispose of the issues presented on procedural grounds and there are no factual or legal sufficiency issues or abuse of discretion issues, we do not have to discuss in detail the allegations and counter-allegations between the parents. Basically, Judy Howze contended that L.H. preferred living with her. William Howze and others[2] disputed that assertion, alleging that Judy Howze manipulated L.H. and put words in his mouth.

**Discussion**

*Dual appointment*

In her first issue, Judy Howze complains that the same person was appointed as both guardian and attorney ad litem. The family code provides for a dual appointment in certain circumstances. Tex. Fam. Code Ann. § 107.0125 (West Supp. 2005). Before we delve too deeply into this issue, however, we must first determine whether error has been preserved.

If an issue is not raised at the trial court level, it will not be addressed on appeal. *See* Tex. R. App. P. 33.1. If a party fails to object and bring error to the trial court's attention, error is not preserved, and the complaint is waived. *Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex. 1991); *In re Lendman*, 170 S.W.3d 894, 898 (Tex. App.—Texarkana 2005, no pet.). A party may not enlarge

---

[2] Other witnesses included L.H.'s older brother and teachers.

2

a ground of error on appeal to include an objection not asserted at trial. *See In re Lendham*, 170 S.W.3d at 898. Judicial economy requires that the trial court have the opportunity to correct error before an appeal ensues. *Nadolney v. Taub*, 116 S.W.3d 273, 282-83 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (citing *In re C.O.S.*, 988 S.W.2d 760, 765 (Tex. 1999)). The orderly administration of justice requires that issues and objections be raised in the trial court so that justice may be done there rather than allowing a litigant to wait until after the trial court has acted adversely and then complain for the first time on appeal. *National Lloyds Ins. Co. v. McCasland*, 566 S.W.2d 565, 568-69 (Tex. 1978); *Powell v. Powell*, 604 S.W.2d 491, 493 (Tex. Civ. App.—Dallas 1980, no writ). Another reason for requiring a litigant in a civil case to lay a predicate in the trial court before pursuing an appeal is that a litigant should not be permitted to waive, consent to, or neglect to complain about an error at trial and then surprise his opponent on appeal by stating a complaint for the first time. *In re C.O.S.*, 988 S.W.2d 760, 765 (Tex. 1999) (citing *Pirtle v. Gregory*, 629 S.W.2d 919, 920 (Tex. 1982)).

We conclude that this issue has not been preserved for review. Judy Howze[3] moved for the appointment of an attorney ad litem. She signed the agreed order that appointed the ad litem to her dual role. A pre-trial hearing was held two months before trial, at which time the ad litem disclosed her recommendation that L.H.'s residence remain with his father. Judy Howze did not object. No objection was made by either party, nor was one made as the ad litem acted during the trial.

---

[3] All parties were represented by counsel.

This situation illustrates the underlying jurisprudential concerns behind the rules on preservation. A litigant who has had ample opportunity to object and raise a complaint at the trial court level cannot wait until an adverse jury outcome, and for the first time on appeal, object to a matter that the trial court could have remedied. *See National Lloyds Ins. Co.*, 566 S.W.2d at 568-69. We overrule the first issue.

***Ineffective Assistance***

In her second issue, Judy Howze contends that her child was denied effective assistance of counsel. The doctrine of ineffective assistance of counsel does not extend to civil cases in general. *See Cherqui v. Westheimer Street Festival Corp.*, 116 S.W.3d 337, 343-44 (Tex. App.—Houston [14th Dist.] 2003, no pet.); *Stokes v. Puckett*, 972 S.W.2d 921, 927 (Tex. App.—Beaumont 1998, pet. denied). The case on which appellant relies involved a termination of parental rights. *See In re K.L., I.L., & D.L.*, 91 S.W.3d 1, 3 (Tex. App.—Fort Worth 2002, no pet.). The Texas Supreme Court has held that the doctrine of ineffective assistance applies in termination cases. *In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003) (statutory right to counsel in parental-rights termination cases embodies right to effective counsel). This is not a termination case nor a case involving loss of custody or loss of visitation rights. It is a case about changing the status quo with regard to which parent decides where the child will reside. As such, we apply the general rule that there is no right to effective assistance of counsel in a civil matter. *See Cherqui*, 116 S.W.3d at 343. Accordingly, we overrule the second issue.

***Deprivation of ability to protect best interest of child***

In her third issue, Judy Howze contends that the trial court's decision to appoint an ad litem deprived her of her ability to protect the best interest of her child. We again note that Judy Howze requested the appointment of an ad litem and failed to object as the proceedings continued, thus waiving any appellate complaints concerning the ad litem's appointment. Further, this issue assumes that because the outcome of this proceeding was not as Judy Howze desired, the child's best interests were not protected. However, the jury had a great deal of evidence before it, much of it in the form of evidence from various relatives and teachers concerning the detrimental effects, such as lowered grades, observed during periods when the child had resided with his mother from which to draw its conclusion concerning the child's best interest.

Texas courts have held that application of the best interest of the child standard does not violate a parent's due process rights. *See Peck v. Peck*, 172 S.W.3d 26, 34 (Tex. App.—Dallas 2005, pet. denied); *In re H.D.O.*, 580 S.W.2d 421, 423-24 (Tex. Civ. App.—Eastland 1979, no writ). The finder of fact is charged with making a decision based upon the testimony, but also based upon its experience and understanding of the individuals involved and their circumstances because it is in the best position to observe the demeanor and personality of the witness and to "feel the forces, powers, and influences that cannot be discerned by merely reading the record." *Peck*, 172 S.W.3d at 35 (quoting *In re N.A.S.*, 100 S.W.3d 670, 673 (Tex. App.—Dallas 2003, no pet.). That a parent disagrees with the court's determination as to the child's best interest does not mean that the child's best interest was not protected. *See id.* at 34 (every custody and visitation order limits a parent's rights to some extent). We overrule the third issue.

5

## Conclusion

We have overruled appellant's three issues.  We affirm the trial court's order.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Affirmed

Filed:   May 18, 2006

6