**SLAUGHTER INVESTMENT CO., INC. and Robert W. Burcalow, Appellants,**

v.

**Michael R. COOPER, John S. Clark and Loretta J. Clark, Appellees.**

No. 20238.

Court of Civil Appeals of Texas, Dallas.

March 6, 1980.

**456**

G. David Westfall, James V. Roberts, Bailey, Williams, Westfall, Lee & Fowler, Dallas, for appellants.

James H. Miller, Cooper, Hayner, Miller & Long, Dallas, for appellees.

Before ROBERTSON, CARVER and HUMPHREYS, JJ.

ROBERTSON, Justice.

This appeal is from a suit to enjoin foreclosure under a deed of trust securing a note which appellees, Michael R. Cooper, John S. Clark, and Loretta J. Clark, claim is in default. The trial court denied the application for injunction on the grounds that the note was in default, and that no facts existed which would constitute waiver or estoppel. This court, on motion of appellants, Slaughter Investment Co. and Robert W. Burcalow, granted a temporary injunction to protect its jurisdiction. See Tex. Rev.Civ.Stat.Ann. art. 1823 (Vernon 1964). On this appeal the appellants attack the findings of the trial court and the action taken based thereon. We affirm the judg-ment of the trial court and dissolve our temporary injunction.

In settlement of a prior lawsuit, appellants, in May 1979, executed a promissory note and deed of trust in favor of appellee, John S. Clark and Loretta J. Clark. The Clarks' attorney, Cooper, was trustee. The lien created by this deed of trust was acknowledged to be inferior to three other liens previously existing on the property. Two provisions of the note are pertinent to this appeal. First, a payment of $5,000.00 was to be made under the note on or before June 10, 1979, by appellants to the Clarks. Second, appellants agreed to notify the Clarks within seven days of the payment due date on the three superior notes, of the fact that those payments had been made, and to enclose copies of the payment checks. The payment due dates on each of the superior notes was the first of each month.

Appellants' points of error one through four contend that various findings of default made by the trial court are erroneous. In the first two points, appellants contend that no evidence or insufficient evidence exists to support the trial court's finding that no notice had been given to the Clarks regarding payment on the superior notes. Mr. Clark unequivocally testified that he had not received notice of any of these payments even up to the time of trial. On the other hand, Burcalow testified that he delivered to the Clarks' attorney's office a copy of his payment check on one of the superior notes and a notice that he had restructured another one of the superior notes. No testimony exists concerning notice of payment as to the third superior note. Consequently, sufficient evidence exists to support the finding by the trial court that appellants were in default because of their failure to give these notices. Therefore, appellants' first two points of error are overruled. Although the trial court found several acts of default, only one act of default was necessary to support the judgment. Having found that at least one of the trial court's findings of default was proper, we need not address appellants' other points of error that allege error exists in

other findings of acts of default or findings that no defenses existed as to those other acts of default. Thus, points of error three through six, and nine are also overruled.

In points of error seven and eight, appellants contend that the trial court's finding that no waiver of these notices occurred and that appellees were not estopped from asserting this default were both against the great weight and preponderance of the evidence. Regarding waiver, appellants state that they made repeated efforts to ascertain whether any problems existed with the form or amount of payment, but appellees remained silent. They then argue that that silence in the face of inquiries constituted waiver of any defects. Even if this silence were found to constitute waiver, it could only relate to the matters of which inquiry was made, which were the form and amount of payment—not the giving of notice of payment on the superior notes. The requests by appellants for notice of any problems are alleged to have occurred between appellants and individuals in the office of the Clarks' attorney. While the testimony is conflicting concerning whether any assurances were given that appellants would be notified if any problems existed, that testimony clearly indicates that the problems contemplated in these discussions were related to the form and amount of payment.

Waiver cannot be said to exist merely because the holder of a note does not give immediate notice of a default. Indulgence by the holder "after default does not tend of itself to show an extension by contract, nor does it evidence any intention not to enforce the contract according to its terms." *Whalen v. Etheridge*, 428 S.W.2d 824, 829 (Tex.Civ.App.—San Antonio 1968, writ ref'd n.r.e.); *see Vaughan v. Crown Plumbing & Sewer Service, Inc.*, 523 S.W.2d 72, 75 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.).

Regarding estoppel, appellants set out five elements, proof of which will establish estoppel, and contend that these elements were established by the evidence. The elements referred to are: 1) a false representation or concealment of material facts, 2) by one with actual or constructive knowledge of the facts, 3) made to or concealed from a party who was without knowledge or the means of obtaining knowledge of the real facts, 4) with the intention that the other party would act in reliance thereon, and 5) the other party relied or acted on it to his prejudice. *Gulbenkian v. Penn*, 151 Tex. 412, 418, 252 S.W.2d 929, 932 (1952). Appellants' brief addresses these elements primarily as they relate to the form and amount of payment. Inasmuch as the act of default that we have found supported by the record is failure to give notice of payment of the superior notes, we must determine whether the elements of estoppel are established as to that act of default. In that regard, the facts which would have had to be concealed are that no notice of payment on the superior notes had been given as required by the deed of trust. We have found no evidence in the record which would support a conclusion that the appellants did not know or have the means of knowing that such notice had not been given (element three), since it was appellants' duty to give that notice. A party cannot claim ignorance of its own failure to perform an act. Since no evidence exists in the record that would establish the third element of estoppel, no estoppel can be said to exist as to this act of default. Accordingly, appellants' seventh and eighth points of error are overruled.

Appellants' final three points complain that the trial court erred in refusing to grant an injunction because the note was never accelerated, because any defaults were cured prior to posting of notice of foreclosure, and because no presentment of the note or demand for payment was ever made. These points were not included in appellants' pleadings nor have we been pointed to any evidence in the record that would indicate that they were raised in the trial court. Therefore, these points cannot be raised for the first time on appeal. *State of California Department of Mental Hygiene v. Bank of the Southwest National Association*, 163 Tex. 314, 322, 354 S.W.2d

**458**

576, 581 (1962). Accordingly, these points are overruled.

All of appellants' points of error having been overruled, we affirm the judgment of the trial court and dissolve the temporary injunction previously ordered by this court.