**Harry SWOFFORD, Appellant,**

v.

**TRI–STATE CHEMICALS, INC., Appellee.**

**No. 08–88–00190–CV.**

Court of Appeals of Texas, El Paso.

Jan. 5, 1989.

Rehearing Denied Feb. 8, 1989.

Russell D. Daves, Lubbock, for appellant.

Ann Manning, Brian P. Quinn, McWhorter, Cobb & Johnson, Lubbock, for appellee.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

## OPINION

FULLER, Justice.

Appellee, Tri–State Chemicals, Inc., as holder of a note and a guaranty agreement, sued Appellant who had executed the guaranty agreement. Trial was to the court who rendered judgment for Appellee. We affirm.

Appellee, Tri–State Chemicals, Inc., sued West Texas Ag Services, Inc., and Appellant, Harry Swofford, contending that West Texas Ag Services, Inc., had executed a promissory note which was signed by its president, Appellant, Harry Swofford. Appellee also alleged that Appellant had executed a continuing agreement in his individual capacity guaranteeing full payment up to $40,000.00 for credit extended or to be extended to West Texas Ag Services, Inc. At the time of the execution of the guaranty, the evidence indicated that West Texas Ag Services, Inc., owed Appellee approximately $29,000.00.

When the case was called for trial, Appellant's counsel informed the court that West Texas Ag Services, Inc., had not filed an answer; therefore, Appellee was entitled to judgment against the corporation.

Appellant's counsel advised the court:

MR. DAVES: I think the posture before the court today is just one question of posture, and that is, is the guarantee [sic] agreement upon which the foundation of the alleged liability of Harry Swafford [sic] individually is based is that is it enforceable against Mr. Swafford [sic]. If it is then he's liable for the debt to Tri–State Chemicals which West Texas Ag Services owed *which is not in dispute.* [emphasis added].

THE COURT: That's the only question, whether or not the guarantee [sic] agreement—

MR. DAVES: —is valid based on lack of consideration.

Appellee's comptroller testified that West Texas Ag Services, Inc., owed Appellee $26,654.86 at the time of the execution of the note and continuing guaranty, plus a service charge of $2,412.57. She testified that the account was past due and that Appellant stated that he was refinancing his business, and that he could possibly pay Appellee in the future. Therefore, Appellee agreed to accept a promissory note and guaranty agreement. She testified as to the execution of the note and guaranty agreement by Appellant and the eventual demand on Appellant as a guarantor for payment of the indebtedness. She further testified that the purpose of the guaranty was to grant West Texas Ag Services, Inc., more time on the account; otherwise, Ap-

pellee would have "filed immediately and demanded payment."

When cross-examined as to why the guaranty covered an amount up to $40,-000.00, the witness admitted it was in case he did get more credit. However, she admitted no further credit was ever extended. She also admitted that the guaranty agreement recited a $10.00 consideration and that no sum of money had been paid for execution of the agreement. The trial court took the case under advisement and later entered judgment for Appellee.

Points of Error Nos. Two and Three assert the trial court erred in entering judgment for Appellee because the evidence showed a failure of consideration for the execution of the guaranty agreement.

 Appellant, for the first time on appeal, contends that there was a failure of consideration. However, his answer pled lack of consideration, and his representation to the trial court was that the only question involved was whether or not the guaranty agreement was valid based on "lack of consideration." No error is presented when it is raised for the first time on appeal. Tex.R.App.P. 52.

Regardless, the credibility of the witness was for the trial court, and he was entitled to believe that the postponement of enforcing the debt owed by West Texas Ag Services, Inc., was sufficient consideration for the execution of the note and guaranty agreement. *Simpson v. MBank Dallas, N.A.,* 724 S.W.2d 102 (Tex.App.—Dallas 1987, writ ref'd n.r.e.).

Appellant failed to request findings of fact and conclusions of law. Therefore, all questions of fact will be found in support of the judgment. In such a case, the judgment of the trial court must be affirmed on appeal if it can be upheld on any legal theory that finds support in the evidence. *Lassiter v. Bliss,* 559 S.W.2d 353 (Tex. 1977).

Point of Error Nos. Two and Three are overruled.

Point of Error No. One asserts the trial court had no jurisdiction to hold a hearing after judgment was entered.

The Appellee, after judgment was entered, realized it had not formally introduced the note and guaranty agreement into evidence. A motion to reopen was filed and granted within thirty days after judgment. A hearing was set on July 7, 1988, at which time the note and guaranty were admitted into evidence. We agree that the trial court had lost jurisdiction to allow evidence to be introduced on July 7, 1988. We find it is immaterial, however, because all matters except lack or failure of consideration had been stipulated to at the trial on the merits.

Point of Error No. One is sustained.

The judgment of the trial court is affirmed.