In the Matter of the MARRIAGE OF Louis LENDMAN and Amalia Lendman,

and

In the Interest of Elizabeth Diane Lendman and John Dodson Teeter Lendman, Children.

No. 06–05–00043–CV.

Court of Appeals of Texas, Texarkana.

Submitted July 6, 2005.

Decided Aug. 18, 2005.

Bobby D. Myers, Biery, Biery, Myers & Armstrong, PC, San Antonio, for appellant.

Jeff D. Small, Law Office of Jeff Small, R. Carlo Garcia, Oliva, Saks & Garcia, LLP, San Antonio, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice CARTER.

### Factual and Procedural Background

Louis and Amalia Lendman were divorced August 3, 2000. The parties agreed to the judgment both as to form and substance. The divorce judgment ordered Louis to pay Amalia both child support and spousal maintenance. The child support was to be paid for two children so long as they were enrolled in college courses leading to a degree, until they reached the age of twenty-two. The maintenance was payable to Amalia until certain conditions occurred or until eight years elapsed from the date of the divorce. The divorce judgment was amended by agreement April 22, 2002, raising the child support payment and changing portions of the maintenance order.

On August 9, 2004, Louis filed a motion to modify the maintenance order and a separate motion to modify child support. In each of these motions, Louis alleged that the orders in the judgment of August 3, 2000, were contrary to law and that the court had exceeded its statutory authorization in entering the orders. He also alleged that the circumstances had materially and substantially changed since the

rendition of the orders. In the prayer, he urged the court to terminate the child support and maintenance orders in the divorce judgment.

Amalia responded to these motions by filing a motion to dismiss for lack of jurisdiction and a general denial. Amalia pled that Louis' allegations that the order was contrary to law could only be presented by a bill of review. Since more than four years had elapsed since the entry of the divorce judgment, Amalia urged that such an attack on the judgment was barred by the applicable statute of limitations. See TEX. CIV. PRAC. & REM.CODE ANN. § 16.051 (Vernon 1997).

The trial court granted Amalia's motion to dismiss for lack of jurisdiction after finding the provisions in the divorce judgment concerning child support and maintenance were voidable, not void, and further finding the time to challenge the order had expired. The court then considered Louis' motion to modify child support and maintenance on the basis of a substantial change in circumstances and denied the motion.

### Issues

Louis appeals on two issues: 1) the trial court erred in finding that it lacked jurisdiction on the ground that the time had expired to file a bill of review, and 2) the evidence conclusively proves that Amalia was not eligible for court-ordered maintenance and the overwhelming weight and preponderance of the evidence shows that she is not eligible for court-ordered maintenance due to a change of circumstances.[1]

---

1. The pleadings do not indicate that Louis' motions were filed as bills of review. The motions were entitled motions to modify and were filed in the original divorce case. The prayers asked that the maintenance be terminated and that the child support order be amended to conform to Section 154 of the Texas Family Code. See TEX. FAM.CODE ANN. §§ 154.001–.309 (Vernon 2002 & Supp.2004–

2005). However, both parties and the trial court treated the motions as both a bill of review and a motion to modify. The trial court entered an order granting Amalia's motion to dismiss for lack of jurisdiction and denying Louis' motion to modify the child support and maintenance provisions of the divorce judgment. Amalia has not argued at trial or on appeal that Louis did not present a

*Standard of Review*

 In reviewing the grant or denial of a bill of review, every presumption is indulged in favor of the court's ruling, which will not be disturbed unless it is affirmatively shown that there was an abuse of judicial discretion. *Nguyen v. Intertex, Inc.*, 93 S.W.3d 288, 293 (Tex. App.-Houston [14th Dist.] 2002, no pet.) (citing *Interaction, Inc./State v. State/Interaction, Inc.*, 17 S.W.3d 775, 778 (Tex. App.-Austin 2000, pet. denied)); *Harris v. Elm Oil Co.*, 183 S.W.2d 216, 218 (Tex.Civ. App.-Texarkana 1944, writ ref'd w.r.m.). The trial court may be reversed for abusing its discretion only if it has acted in an unreasonable or arbitrary manner, or without reference to any guiding rules and principles. *Nguyen*, 93 S.W.3d at 293.

**Issue 1: Did the trial court err in finding that it lacked jurisdiction on the ground that the time had expired to file a bill of review?**

A glaring omission occurred in this case. No pleading or argument was presented to the trial court that the divorce judgment of August 2000 had been modified regarding child support and maintenance by an order dated April 2002 and that the challenge was to the 2002 order, which was within the four-year limitations period. Amalia's argument to the trial court was that, since the divorce judgment was entered August 3, 2000, and the bill of review/motion to modify was filed August 9, 2004, it was barred by the four-year statute of limitations. The residual four-year statute of limitations applies to bills of review. Tᴇx. Cɪᴠ. Pʀᴀᴄ. & Rᴇᴍ.Cᴏᴅᴇ Aɴɴ. § 16.051; *Caldwell v. Barnes*, 975 S.W.2d 535, 538 (Tex.

1998). Louis argued the trial court had jurisdiction regardless of the time elapsed because the divorce judgment was void and unauthorized by law. Louis argued that, even though the parties entered an agreed judgment, that judgment did not constitute a contract. Therefore, Louis argued that the provisions requiring child support for a time period exceeding the statutory authorization was simply a judgment of the court (not a contract) and was void. Likewise, Louis argued to the trial court that the maintenance order requiring payments of up to eight years exceeded the statutory authorization of three years and was a void order.

Amalia, on the other hand, argued that Louis was incorrect—the orders were not void, but at most, voidable, citing to the trial court the case of *Mapco, Inc. v. Forrest*, 795 S.W.2d 700 (Tex.1990). That being the case, the suit to set it aside must be presented within the four-year period, or it is barred. The trial court agreed with this argument and ruled that the time to challenge the divorce judgment had expired and that it had no jurisdiction to alter or change the judgment.

Everyone overlooked, or did not appreciate the importance of, the modification of the judgment that was entered in 2002.[2]

 Amalia now argues to this Court that Louis abandoned his trial court allegation and has waived his complaint. It is true that Louis now concedes that the August 3, 2000, divorce judgment was only a voidable order, and not void. Louis now argues that the limitations period had not expired for filing the bill of review because the relevant order is dated April 22, 2002,

bill of review; therefore, we will address the issue as a bill of review allegation.

**2.** The issue was mentioned at the hearing by Amalia's lawyer. ("[T]hey even agreed after that in an order modifying, even after that they agreed a second time, okay, to increase child support with the exact same terms, interestingly enough. In April of '02, there should be an agreed order to modify.")

within two years of his filing the motions. The question is whether Louis has waived the issue by failing to present it to the trial court.

■ If an issue is not raised at the trial court level, it will not be addressed on appeal. *See* Tex.R.App. P. 33.1. If a party fails to object and bring error to a trial court's attention, error is not preserved, and the complaint is waived. *Hardeman v. Judge*, 931 S.W.2d 716, 720 (Tex.App.-Fort Worth 1996, writ denied) (citing *Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g)). Examples of cases in which it has been held that no error is presented when the issue is raised for the first time on appeal include: *E.F. Hutton & Co. v. Youngblood*, 741 S.W.2d 363, 364 (Tex.1987) (argument that the DTPA is inapplicable to securities transactions was never presented to the trial court and therefore waived); *Robertson County v. Wymola*, 17 S.W.3d 334, 344 (Tex.App.-Austin 2000, pet. denied) (county's claim to be immune from post-judgment interest not raised at the trial court level may not be raised for the first time on appeal); *Duncan Land & Exploration, Inc. v. Littlepage*, 984 S.W.2d 318, 332 (Tex.App.-Fort Worth 1998, writ denied) (defense of good-faith reliance on counsel was not pled, so it was waived); *Wal-Mart Stores, Inc. v. Odem*, 929 S.W.2d 513, 523 (Tex. App.-San Antonio 1996, writ denied) (defense of justification was never pled or raised by the evidence, and no instruction was requested in the court's charge); *Swofford v. Tri-State Chemicals, Inc.*, 764 S.W.2d 24 (Tex.App.-El Paso 1989, writ denied) (failure of consideration was not pled—no error is presented when it is raised for the first time on appeal).

■ Likewise, a party may not enlarge a ground of error on appeal to include an objection not asserted at trial. *Commonwealth Lloyd's Ins. Co. v. Thomas*, 825 S.W.2d 135, 147 (Tex.App.-Dallas 1992), *pet. granted, judgm't vacated w.r.m.*, 843 S.W.2d 486 (Tex.1993) (an objection at trial that the evidence was legally and factually insufficient to support the jury's award of damages for expert witness fees is not the same complaint as presented on appeal that there is no legal justification for recovery of the damages-error waived); *Powell v. Powell*, 604 S.W.2d 491, 493 (Tex. Civ.App.-Dallas 1980, no writ) ("[t]he orderly administration of justice requires that issues and objections be raised in the trial court so that justice may be done there rather than to permit a litigant to wait until after the trial court has acted adversely and then complain for the first time on appeal") (citing *Nat'l Lloyds Ins. Co. v. McCasland*, 566 S.W.2d 565, 568–69 (Tex.1978); *State of Ca. Dep't of Mental Hygiene v. Bank of the Southwest Nat'l Ass'n*, 163 Tex. 314, 354 S.W.2d 576, 581 (1962); *Slaughter Inv. Co. v. Cooper*, 597 S.W.2d 455, 457 (Tex.Civ.App.-Dallas 1980, no writ)).

■■ Based on the foregoing, we find it is necessary to present to the trial court the particular issue to preserve it for appeal. It is improper to present a new issue on appeal or to expand on the issue that was presented to the trial court. Reason and common sense underlie this requirement. If the matter is not presented to the trial court, the trial court has no opportunity to rule on the issue or to correct its ruling if it is made in error. *See Lewis v. Tex. Employers Ins. Ass'n*, 151 Tex. 95, 246 S.W.2d 599, 600 (1952). Likewise, to preserve the issue for complaint on appeal, one should not be permitted to waive, consent to, or neglect to complain about an error at trial and then surprise his or her opponent on appeal by stating the complaint for the first time. *See Pirtle v. Gregory*, 629 S.W.2d 919, 920 (Tex.1982).

The issue that was presented to the trial court was whether the four-year statute of limitations prevented the court from altering or setting aside the divorce judgment of 2000. The arguments that the parties presented to the trial court have been summarized previously. The trial court was never asked to consider or act on the issue of whether the 2002 modification to the divorce judgment was the applicable document and therefore was within the four-year statute of limitations.[3] We believe that it would be improper to now conclude the trial court erred and should have considered the April 2002 modification in determining if the four-year statute of limitations applied. That issue was not presented to the trial court and therefore is not properly before this Court. We hold that the trial court did not err in determining that it lacked jurisdiction and that the attack on the August 2000 divorce judgment was precluded by the four-year statute of limitations.

**Issue 2: Did the evidence conclusively prove that Amalia was not eligible for court-ordered maintenance? Did the overwhelming weight and preponderance of the evidence show that Amalia was not eligible for court-ordered maintenance due to a change of circumstances?**

Louis' pleadings also alleged that a material and substantial change in circumstances of the parties had occurred and requested the trial court to discontinue the maintenance order.

This Court has previously held that an order for spousal maintenance is similar to an award of child support, where the standard of review is an abuse of discretion and, therefore, it is the proper standard for spousal maintenance as well. In making an abuse of discretion review in a child support context, the factual and legal sufficiency of the evidence are part of the abuse of discretion review and are not independent grounds for reversal. *In re Marriage of Hale,* 975 S.W.2d 694, 697 (Tex.App.-Texarkana 1998, no pet.) (citing *In re Marriage of Driver,* 895 S.W.2d 875, 877 (Tex.App.-Texarkana 1995, no writ)).

The continuation of spousal maintenance is subject to a motion to modify on a showing of a material change of circumstances of either party affected by the maintenance order. TEX. FAM.CODE ANN. § 8.057 (Vernon Supp.2004–2005).

In analogous situations involving child support, the trial court must compare the financial circumstances of the parties at the time of the existing support order with their circumstances at the time the modification is sought. *London v. London,* 94 S.W.3d 139, 144 (Tex.App.-Houston [14th Dist.] 2002, no pet.). Without both sets of data, the court has nothing to compare and cannot determine whether a material and substantial change has occurred. If no changes have occurred, the trial court abuses its discretion if it modifies. *See Werlein v. Werlein,* 652 S.W.2d 538, 540 (Tex. App.-Houston [1st Dist.] 1983, no writ). Likewise, we believe that the same analysis is proper concerning spousal maintenance orders. The evidence presented to the trial court consisted of testimony from Amalia that she was employed by the City of San Antonio earning approximately $32,000.00 a year, and she received $524.00 a month from retirement benefits. She also received a lump sum

---

**3.** Merely stating that a document has been filed is an insufficient basis from which to reasonably infer that the trial court had notice of something and the need to act on it. The trial court cannot be faulted if it was never aware of the need to act. *See In re Chavez,* 62 S.W.3d 225, 228 (Tex.App.-Amarillo 2001, no pet.).

payment of $23,700.00 from the retirement plan. She further stated that she was unable to support herself on that amount. The testimony from Louis was that he was currently earning $10,000.00 a month and also receiving $790.00 a month from retirement benefits.

The record shows the present financial status of both parties, but does not demonstrate how it has changed since the divorce or the modification. The retirement benefit that Amalia received was as a result of the divorce judgment, which authorized her to receive one half of Louis' retirement benefits as a just and right division of the parties' marital estate. Without financial data to compare the present circumstances of the parties with their financial circumstances at the time of the entry of the maintenance order, there can be no showing of a substantial change.

The trial court did not abuse its discretion in denying the motion to terminate the spousal maintenance.

For the foregoing reasons, we affirm the judgment of the trial court.