In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00043-CV
______________________________


IN THE MATTER OF THE MARRIAGE OF
LOUIS LENDMAN AND AMALIA LENDMAN,
AND IN THE INTEREST OF ELIZABETH DIANE LENDMAN
AND JOHN DODSON TEETER LENDMAN, CHILDREN


                                              

On Appeal from the 166th Judicial District Court
Bexar County, Texas
Trial Court No. 2000-CI-03346


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Carter


O P I N I O N

Factual and Procedural Background
            Louis and Amalia Lendman were divorced August 3, 2000. The parties agreed to the
judgment both as to form and substance. The divorce judgment ordered Louis to pay Amalia both
child support and spousal maintenance. The child support was to be paid for two children so long
as they were enrolled in college courses leading to a degree, until they reached the age of twenty-two. 
The maintenance was payable to Amalia until certain conditions occurred or until eight years elapsed
from the date of the divorce. The divorce judgment was amended by agreement April 22, 2002,
raising the child support payment and changing portions of the maintenance order. 
            On August 9, 2004, Louis filed a motion to modify the maintenance order and a separate
motion to modify child support. In each of these motions, Louis alleged that the orders in the
judgment of August 3, 2000, were contrary to law and that the court had exceeded its statutory
authorization in entering the orders. He also alleged that the circumstances had materially and
substantially changed since the rendition of the orders. In the prayer, he urged the court to terminate
the child support and maintenance orders in the divorce judgment. 
            Amalia responded to these motions by filing a motion to dismiss for lack of jurisdiction and
a general denial. Amalia pled that Louis' allegations that the order was contrary to law could only
be presented by a bill of review. Since more than four years had elapsed since the entry of the
divorce judgment, Amalia urged that such an attack on the judgment was barred by the applicable
statute of limitations. See Tex. Civ. Prac. & Rem. Code Ann. § 16.051 (Vernon 1997).
            The trial court granted Amalia's motion to dismiss for lack of jurisdiction after finding the
provisions in the divorce judgment concerning child support and maintenance were voidable, not
void, and further finding the time to challenge the order had expired. The court then considered
Louis' motion to modify child support and maintenance on the basis of a substantial change in
circumstances and denied the motion.
Issues
            Louis appeals on two issues: 1) the trial court erred in finding that it lacked jurisdiction on
the ground that the time had expired to file a bill of review, and 2) the evidence conclusively proves
that Amalia was not eligible for court-ordered maintenance and the overwhelming weight and
preponderance of the evidence shows that she is not eligible for court-ordered maintenance due to
a change of circumstances.



Standard of Review
            In reviewing the grant or denial of a bill of review, every presumption is indulged in favor
of the court's ruling, which will not be disturbed unless it is affirmatively shown that there was an
abuse of judicial discretion. Nguyen v. Intertex, Inc., 93 S.W.3d 288, 293 (Tex. App.—Houston
[14th Dist.] 2002, no pet.) (citing Interaction, Inc./State v. State/Interaction, Inc., 17 S.W.3d 775,
778 (Tex. App.—Austin 2000, pet. denied)); Harris v. Elm Oil Co., 183 S.W.2d 216, 218 (Tex. Civ.
App.—Texarkana 1944, writ ref'd w.r.m.). The trial court may be reversed for abusing its discretion
only if it has acted in an unreasonable or arbitrary manner, or without reference to any guiding rules
and principles. Nguyen, 93 S.W.3d at 293.
Issue 1:           Did the trial court err in finding that it lacked jurisdiction on the ground that
the time had expired to file a bill of review?

            A glaring omission occurred in this case. No pleading or argument was presented to the trial
court that the divorce judgment of August 2000 had been modified regarding child support and
maintenance by an order dated April 2002 and that the challenge was to the 2002 order, which was
within the four-year limitations period. Amalia's argument to the trial court was that, since the
divorce judgment was entered August 3, 2000, and the bill of review/motion to modify was filed
August 9, 2004, it was barred by the four-year statute of limitations. The residual four-year statute
of limitations applies to bills of review. Tex. Civ. Prac. & Rem. Code Ann. § 16.051; Caldwell
v. Barnes, 975 S.W.2d 535, 538 (Tex. 1998). Louis argued the trial court had jurisdiction regardless
of the time elapsed because the divorce judgment was void and unauthorized by law. Louis argued
that, even though the parties entered an agreed judgment, that judgment did not constitute a contract. 
Therefore, Louis argued that the provisions requiring child support for a time period exceeding the
statutory authorization was simply a judgment of the court (not a contract) and was void. Likewise,
Louis argued to the trial court that the maintenance order requiring payments of up to eight years
exceeded the statutory authorization of three years and was a void order. 
            Amalia, on the other hand, argued that Louis was incorrect—the orders were not void, but
at most, voidable, citing to the trial court the case of Mapco, Inc. v. Forest, 795 S.W.2d 700 (Tex.
1990). That being the case, the suit to set it aside must be presented within the four-year period, or
it is barred. The trial court agreed with this argument and ruled that the time to challenge the divorce
judgment had expired and that it had no jurisdiction to alter or change the judgment.
            Everyone overlooked, or did not appreciate the importance of, the modification of the
judgment that was entered in 2002.



            Amalia now argues to this Court that Louis abandoned his trial court allegation and has
waived his complaint. It is true that Louis now concedes that the August 3, 2000, divorce judgment
was only a voidable order, and not void. Louis now argues that the limitations period had not
expired for filing the bill of review because the relevant order is dated April 22, 2002, within two
years of his filing the motions. The question is whether Louis has waived the issue by failing to
present it to the trial court.
            If an issue is not raised at the trial court level, it will not be addressed on appeal. See Tex.
R. App. P. 33.1. If a party fails to object and bring error to a trial court's attention, error is not
preserved, and the complaint is waived.  Hardeman v. Judge, 931 S.W.2d 716, 720 (Tex. App.—Fort
Worth 1996, writ denied) (citing Bushell v. Dean, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g)). 
Examples of cases in which it has been held that no error is presented when the issue is raised for
the first time on appeal include: E.F. Hutton & Co. v. Youngblood, 741 S.W.2d 363, 364 (Tex.
1987) (argument that the DTPA is inapplicable to securities transactions was never presented to the
trial court and therefore waived); Robertson County v. Wymola, 17 S.W.3d 334, 344 (Tex.
App.—Austin 2000, pet. denied) (county's claim to be immune from post-judgment interest not
raised at the trial court level may not be raised for the first time on appeal); Duncan Land &
Exploration, Inc. v. Littlepage, 984 S.W.2d 318, 332 (Tex. App.—Fort Worth 1998, writ denied)
(defense of good-faith reliance on counsel was not pled, so it was waived); Wal-Mart Stores, Inc.
v. Odem, 929 S.W.2d 513, 523 (Tex. App.—San Antonio 1996, writ denied) (defense of justification
was never pled or raised by the evidence, and no instruction was requested in the court's charge);
Swofford v. Tri-State Chemicals, Inc., 764 S.W.2d 24 (Tex. App.—El Paso 1989, writ denied)
(failure of consideration was not pled—no error is presented when it is raised for the first time on
appeal).
            Likewise, a party may not enlarge a ground of error on appeal to include an objection not
asserted at trial. Commonwealth Lloyd's Ins. Co. v. Thomas, 825 S.W.2d 135, 147 (Tex.
App.—Dallas 1992), pet. granted, judgm't vacated w.r.m., 843 S.W.2d 486 (Tex. 1993) (an
objection at trial that the evidence was legally and factually insufficient to support the jury's award
of damages for expert witness fees is not the same complaint as presented on appeal that there is no
legal justification for recovery of the damages—error waived); Powell v. Powell, 604 S.W.2d 491,
493 (Tex. Civ. App.—Dallas 1980, no writ) ("[t]he orderly administration of justice requires that
issues and objections be raised in the trial court so that justice may be done there rather than to
permit a litigant to wait until after the trial court has acted adversely and then complain for the first
time on appeal") (citing Nat'l Lloyds Ins. Co. v. McCasland, 566 S.W.2d 565, 568–69 (Tex. 1978);
State of Ca. Dep't of Mental Hygiene v. Bank of the Southwest Nat'l Ass'n, 163 Tex. 314, 354 S.W.2d
576, 581 (1962); Slaughter Inv. Co. v. Cooper, 597 S.W.2d 455, 457 (Tex. Civ. App.—Dallas 1980,
no writ)).
            Based on the foregoing, we find it is necessary to present to the trial court the particular issue
to preserve it for appeal. It is improper to present a new issue on appeal or to expand on the issue
that was presented to the trial court. Reason and common sense underlie this requirement. If the
matter is not presented to the trial court, the trial court has no opportunity to rule on the issue or to
correct its ruling if it is made in error. See Lewis v. Tex. Employers Ins. Ass'n, 151 Tex. 95, 246
S.W.2d 599, 600 (1952). Likewise, to preserve the issue for complaint on appeal, one should not
be permitted to waive, consent to, or neglect to complain about an error at trial and then surprise his
or her opponent on appeal by stating the complaint for the first time. See Pirtle v. Gregory, 629
S.W.2d 919, 920 (Tex. 1982).
            The issue that was presented to the trial court was whether the four-year statute of limitations
prevented the court from altering or setting aside the divorce judgment of 2000. The arguments that
the parties presented to the trial court have been summarized previously. The trial court was never
asked to consider or act on the issue of whether the 2002 modification to the divorce judgment was
the applicable document and therefore was within the four-year statute of limitations.


 We believe
that it would be improper to now conclude the trial court erred and should have considered the April
2002 modification in determining if the four-year statute of limitations applied. That issue was not
presented to the trial court and therefore is not properly before this Court. We hold that the trial
court did not err in determining that it lacked jurisdiction and that the attack on the August 2000
divorce judgment was precluded by the four-year statute of limitations. 
Issue 2:           Did the evidence conclusively prove that Amalia was not eligible for court-
ordered maintenance? Did the overwhelming weight and preponderance of the
evidence show that Amalia was not eligible for court-ordered maintenance due
to a change of circumstances?

            Louis' pleadings also alleged that a material and substantial change in circumstances of the
parties had occurred and requested the trial court to discontinue the maintenance order. 
            This Court has previously held that an order for spousal maintenance is similar to an award
of child support, where the standard of review is an abuse of discretion and, therefore, it is the proper
standard for spousal maintenance as well. In making an abuse of discretion review in a child support
context, the factual and legal sufficiency of the evidence are part of the abuse of discretion review
and are not independent grounds for reversal. In re Marriage of Hale, 975 S.W.2d 694, 697 (Tex.
App.—Texarkana 1998, no pet.) (citing In re Marriage of Driver, 895 S.W.2d 875, 877 (Tex.
App.—Texarkana 1995, no writ)).
            The continuation of spousal maintenance is subject to a motion to modify on a showing of
a material change of circumstances of either party affected by the maintenance order. Tex. Fam.
Code Ann. § 8.057 (Vernon Supp. 2004–2005). 
            In analogous situations involving child support, the trial court must compare the financial
circumstances of the parties at the time of the existing support order with their circumstances at the
time the modification is sought. London v. London, 94 S.W.3d 139, 144 (Tex. App.—Houston [14th
Dist.] 2002, no pet.). Without both sets of data, the court has nothing to compare and cannot
determine whether a material and substantial change has occurred. If no changes have occurred, the
trial court abuses its discretion if it modifies. See Werlein v. Werlein, 652 S.W.2d 538, 540 (Tex.
App.—Houston [1st Dist.] 1983, no writ). Likewise, we believe that the same analysis is proper
concerning spousal maintenance orders. The evidence presented to the trial court consisted of
testimony from Amalia that she was employed by the City of San Antonio earning approximately
$32,000.00 a year, and she received $524.00 a month from retirement benefits. She also received
a lump sum payment of $23,700.00 from the retirement plan. She further stated that she was unable
to support herself on that amount. The testimony from Louis was that he was currently earning
$10,000.00 a month and also receiving $790.00 a month from retirement benefits. 
            The record shows the present financial status of both parties, but does not demonstrate how
it has changed since the divorce or the modification. The retirement benefit that Amalia received
was as a result of the divorce judgment, which authorized her to receive one half of Louis' retirement
benefits as a just and right division of the parties' marital estate. Without financial data to compare
the present circumstances of the parties with their financial circumstances at the time of the entry of
the maintenance order, there can be no showing of a substantial change.
            The trial court did not abuse its discretion in denying the motion to terminate the spousal
maintenance. 
            For the foregoing reasons, we affirm the judgment of the trial court.



                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          July 6, 2005
Date Decided:             August 18, 2005