

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00038-CV

_____

IN RE: EDDIE KEVIN COLEMAN

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

Eddie Kevin Coleman has filed a petition for writ of mandamus in which he requests that this Court order the Honorable Robert Newsom, Judge of the 8th Judicial District Court of Hopkins County,[1] to "rule on the motion for summary judgment" filed by Coleman on October 5, 2004. Coleman claims that although he filed a motion for summary judgment that day and a response to it was filed by the State November 15, 2006, no ruling on that motion has been entered by the trial court. Coleman further claims that he "twice put the trial court on notice that he would seek mandamus relief if the court continue[d] with its refusal to rule" and that the "most recent notice of intent was filed on April 27, 2010." Because Coleman has failed to fully satisfy the requisites for the grant of mandamus relief, we deny his petition for relief.

Because mandamus is an extreme remedy, to be entitled to such relief, a petitioner in an action of this type must show both that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *In re McAllen Med. Ctr.*, *Inc*., 275 S.W.3d 458 (Tex. 2008) (orig. proceeding). It is Coleman's burden to show his entitlement to the requested relief before it can be granted. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding); *see Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In this case, Coleman must provide a sufficient record showing that the action he seeks to compel is a ministerial act, not one

---

[1]We note that Judge Newsom retired from the bench and, as of January 1, 2013, the Judge of the 8th Judicial District of Texas is Ralph Edward "Eddie" Northcutt.

involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding). An act is ministerial if it constitutes a duty clearly fixed and required by law. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding) (en banc).

The trial court is required to consider and rule on a properly filed motion within a reasonable period of time once a ruling has been requested. *Id.*; *In re Greenwell*, 160 S.W.3d 286, 288 (Tex. App.—Texarkana 2005, orig. proceeding). However, a relator must first establish that the trial court (1) had a legal duty to rule on the motion, (2) was asked to rule on the motion, and (3) failed to do so. *In re Keeter*, 134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding) (relator must show that trial court received, was aware of, and was asked to rule on motion). In the circumstances of this case,

> the trial court commits an abuse of discretion, correctable by mandamus, by refusing to rule on a timely submitted motion for summary judgment when the stated purpose for its refusal is to avoid the perfection of an appeal. In all but the most extraordinary circumstances, however, the record will not reflect a refusal by a trial judge to rule on a pending motion for summary judgment, only a failure to rule. In that situation, even though the delay in ruling on the motion causes expense and inconvenience to the litigants, mandamus is not available to compel the trial judge to rule on the pending motion for summary judgment.

*In re Am. Media Consol.*, 121 S.W.3d 70, 74 (Tex. App.—San Antonio 2003, orig. proceeding).

(quoting Timothy Patton, Summary Judgments in Texas § 7.04 (3d ed. 2002)); *see In re Storck*,

No. 06-12-00073-CV, 2012 WL 3194070, at *2 (Tex. App.—Texarkana Aug. 7, 2012, orig. proceeding) (mem. op.). The record received by this Court does not indicate a refusal to rule. Thus, we cannot say that the trial court has clearly abused its discretion in refusing to rule.

Further, we note that the copy of Coleman's motion for summary judgment which he provided to this Court does not bear a clerk's file mark. A letter, purportedly sent to Coleman from the District Clerk of Hopkins County (but not authenticated as such), states in part that the motion "has been filed in our office; however, the Order for Summary Judgment has not been signed." Even if we were to afford Coleman the benefit of the doubt and conclude that the summary judgment motion is, indeed, on file, a mere showing that a motion was filed with a clerk does not constitute proof that the existence of the motion has been brought to the attention of the trial court or that the motion has been actually presented to the trial court with a request for a ruling. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding); *see In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding).

The only file-marked document included in the mandamus record is Coleman's notice of his intention to file a "mandamus request." In that notice, Coleman warns that mandamus relief would be sought unless a ruling was made "within 30 days." However, Coleman has not provided us with anything to reflect that the trial court was made aware of the filing of this notice. "Merely stating that a document has been filed is an insufficient basis from which to reasonably infer that the trial court had notice of something and the need to act on it. The trial

4

court cannot be faulted if it was never aware of the need to act." *In re Lendman*, 170 S.W.3d 894, 899 n.3 (Tex. App.—Texarkana 2005, no pet.).

In sum, we have not been provided with any affirmative indication on the record of a refusal by the trial court to rule, the copy of the summary judgment motion and response included in the record provided to us have not been authenticated, and there is no indication in the record (other than Coleman's unsupported allegation) that the trial court had notice of the filing or that he needed to act on it.

For these reasons, we deny the petition for writ of mandamus.


Bailey C. Moseley
Justice

Date Submitted:     April 30, 2013
Date Decided:       May 1, 2013