

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00899-CV

Roland S. **ROTHER**,
Appellant

v.

Janette G. **ROTHER**,
Appellee

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2012-CI-03233
Honorable Karen H. Pozza, Judge Presiding

Opinion by:   Karen Angelini, Justice

Sitting:   Catherine Stone, Chief Justice
Karen Angelini, Justice
Rebeca C. Martinez, Justice

Delivered and Filed:  October 1, 2014

AFFIRMED

In this appeal, Roland S. Rother argues the trial court erred in granting a no-evidence summary judgment on his petition to modify spousal maintenance. We affirm.

### BACKGROUND

Roland was divorced from his wife, Janette Rother, on August 16, 2012. Roland and Janette had one child. The divorce decree appointed Roland and Janette as joint managing conservators, appointed Janette as the parent with the exclusive right to determine the child's primary residence, and directed Roland to have possession and access to the child according to a standard possession

order. The decree also ordered Roland to pay spousal maintenance in the amount of $500.00 per month to Janette until either (1) September 1, 2015, (2) the death of either Roland or Janette, (3) Janette's remarriage, or (4) further orders of the court affecting the spousal maintenance obligation, including a finding of cohabitation by Janette.

On March 25, 2013, Roland filed a petition to modify the divorce decree. First, Roland asked the trial court to modify the decree with respect to possession and access. Roland alleged that the circumstances of the child, a conservator, or other party affected by the order had materially and substantially changed since the date the divorce decree was rendered. Second, Roland asked the trial court to modify the decree with respect to spousal maintenance. Roland alleged that the circumstances of the child or a person affected by the order had materially and substantially changed since the date the divorce decree was rendered. Roland further alleged that the spousal maintenance payments previously ordered should be decreased or terminated. In response, Janette filed a counter petition to modify possession and access, alleging that the circumstances of the child, a conservator, or other party affected by the order to be modified had materially and substantially changed since the rendition of the order to be modified. Janette asked that the terms and conditions of Roland's possession and access to the child be decreased.

Janette moved for no-evidence summary judgment on Roland's request to modify spousal maintenance. In her motion, Janette asserted that there was no evidence to support any of the essential elements for modification of spousal maintenance, including no evidence that either party's circumstances had materially and substantially changed since the divorce decree, or that there had been any change in the factors relevant to determining spousal maintenance under section

8.052 of the Texas Family Code.[1] Janette asserted that her employment and income as well as Roland's employment and income were the same as when the trial court rendered its divorce decree.

Roland filed a response to the no-evidence summary judgment motion, asserting that Janette's counter petition contained statements that were judicial admissions of the changed circumstances of the parties. The only evidence attached to Roland's response was Janette's counter petition to modify possession and access.

---

[1]Section 8.052 of the Texas Family Code provides:

A court that determines that a spouse is eligible to receive maintenance under this chapter shall determine the nature, amount, duration, and manner of periodic payments by considering all relevant factors, including:

(1) each spouse's ability to provide for that spouse's minimum reasonable needs independently, considering that spouse's financial resources on dissolution of the marriage;

(2) the education and employment skills of the spouses, the time necessary to acquire sufficient education or training to enable the spouse seeking maintenance to earn sufficient income, and the availability and feasibility of that education or training;

(3) the duration of the marriage;

(4) the age, employment history, earning ability, and physical and emotional condition of the spouse seeking maintenance;

(5) the effect on each spouse's ability to provide for that spouse's minimum reasonable needs while providing periodic child support payments or maintenance, if applicable;

(6) acts by either spouse resulting in excessive or abnormal expenditures or destruction, concealment, or fraudulent disposition of community property, joint tenancy, or other property held in common;

(7) the contribution by one spouse to the education, training, or increased earning power of the other spouse;

(8) the property brought to the marriage by either spouse;

(9) the contribution of a spouse as homemaker;

(10) marital misconduct, including adultery and cruel treatment, by either spouse during the marriage; and

(11) any history or pattern of family violence, as defined by Section 71.004.

TEX. FAM. CODE ANN. § 8.052 (West 2006).

**DISCUSSION**

Under Rule 166a(i) of the Texas Rules of Civil Procedure, a party may move for a no-evidence summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. TEX. R. CIV. P. 166a(i). The trial court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact. *Id*. The respondent is "not required to marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements." TEX. R. CIV. P. 166a(i) cmt-1997. In reviewing a trial court's order granting a no-evidence summary judgment, we consider the evidence in the light most favorable to the respondent and disregard all contrary evidence and inferences. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003).

A trial court may modify the amount of spousal maintenance a person is required to pay if the circumstances of a party have materially and substantially changed since the date of the prior order's rendition. TEX. FAM. CODE ANN. § 8.057 (West 2006); *Marquez v. Marquez*, No. 04-04-00771-CV, 2006 WL 1152235, at *1 (Tex. App.—San Antonio 2006, no pet.). At the hearing, the burden is on the movant to make a proper showing of a material and substantial change in circumstances relating to either party. *See* TEX. FAM. CODE ANN. § 8.057(c); *Marquez*, 2006 WL 1152235, at *3. The trial court must compare the financial circumstances of the parties at the time of the existing maintenance order with their circumstances at the time the modification is sought. *Marquez*, 2006 WL 1152235, at *1; *In the Matter of the Marriage of Lendman*, 170 S.W.3d 894, 899-900 (Tex. App.—Texarkana 2005, no pet.).

Here, Roland argues the trial court erred in granting no-evidence summary judgment on his request to modify spousal maintenance because Janette "submitted a pleading which judicially admitted the change." We disagree. Janette's counter petition alleged only that there had been a

change in circumstances pertaining to possession and access; it was silent as to spousal maintenance. Thus, the statements in Janette's counter petition did not raise a material fact issue on Roland's request to modify spousal maintenance.

In support of his argument, Roland cites to a single case, *In the Interest of L.C.L.*, 396 S.W.3d 713, 718 (Tex. App.—Dallas 2013, no pet.). However, *L.C.L.* is factually and procedurally distinguishable. *L.C.L.* presented a situation where both parents sought to modify the joint managing conservatorship ordered in the divorce decree. The mother sought to become the joint managing conservator with the exclusive right to determine the child's residence; the father sought to become the sole managing conservator. *Id.* at 714. Following a bench trial, the trial court modified the divorce decree to appoint the father as the sole managing conservator. *Id.* On appeal, the mother argued there was no evidence of a material and substantial change in circumstances to support the modification. *Id.* at 717. The appellate court disagreed, concluding the allegation of changed circumstances in the mother's pleading was "a judicial admission of the common element of changed circumstances of the parties" in the father's pleading, and therefore, there was evidence to support the trial court's modification of conservatorship. *Id.* at 718-19.

Here, Janette specifically asserted in her no-evidence summary judgment motion that no party's employment or income had changed and that no other factor relevant to determining spousal maintenance had changed since the prior order. *See* TEX. FAM. CODE ANN. § 8.052. Thus, Roland was required to produce evidence raising a material fact issue as to whether a party's employment or income had changed or whether another factor relevant to determining spousal maintenance had changed. Roland failed to produce any such evidence. When a party moves for no-evidence summary judgment, the trial court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact. TEX. R. CIV. P.

166a(i). We conclude the trial court did not err in granting no-evidence summary judgment against Roland on his request to modify spousal maintenance. *See id.*

Roland raises two additional issues in his brief; however, he does not support his arguments on these issues with citation to any authority. We conclude that Roland has waived these issues by failing to brief them. *See* TEX. R. APP. P. 38.1(i) (requiring briefs to contain appropriate citations to authorities); *In re Blankenship*, 392 S.W.3d 249, 259 (Tex. App.—San Antonio 2012, no pet.) (concluding that an issue was inadequately briefed and presented nothing for appellate review when the appellant cited no cases or other authority in her brief).

Finally, in a cross-point, Janette argues this appeal is frivolous and asks us to sanction Roland under Rule 45 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 45. Whether to grant sanctions on appeal is within the discretion of the appellate court. *Herring v. Welborn*, 27 S.W.3d 132, 145-46 (Tex. App.—San Antonio 2000, pet. denied). We have recognized that as long as a party's argument has a reasonable basis in law and constitutes an informed, good faith challenge to the trial court's judgment, an award of sanctions is not appropriate. *Tabrizi v. Das-Res Corp.*, No. 04-05-00945-CV, 2007 WL 671323, at *4 (Tex. App.—San Antonio 2007, no pet.); *id.* Here, although we have overruled Roland's arguments on appeal, we conclude that an award of appellate sanctions is not appropriate. Janette's request for sanctions on appeal is denied.

## CONCLUSION

The judgment of the trial court is affirmed.

Karen Angelini, Justice