Opinion issued November 20, 2014



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00562-CV

———————————

**ROY KEITH COBLE, Appellant**

**V.**

**KELLY DIANNE ADAMS, Appellee**

On Appeal from the 257th District Court
Harris County, Texas
Trial Court Case No. 2003-06447

## MEMORANDUM OPINION

Appellant, Roy Keith Coble, challenges the trial court's order denying his Petition to Modify Spousal Maintenance and awarding appellee, Kelly Dianne Adams, attorney's fees. In three issues, Coble contends that the record does not

support the trial court's judgment and the trial court erred in determining that it was without jurisdiction to modify the underlying order and refusing to allow him to present evidence.

We affirm.

## Background

In his Petition to Modify Spousal Maintenance, Coble alleged that the trial court signed, on March 19, 2004, a "Final Divorce Decree" and, on November 17, 2006, a "Final Judgment on Post-Divorce Irrevocable Mediated Settlement Agreement."[1]  As per Coble, the November 17, 2006 judgment ordered him to pay $2,500 per month in spousal maintenance to Adams beginning December 15, 2006 and continuing until November 15, 2021.  Coble requested that the trial court declare the November 17, 2006 judgment void as against public policy and terminate his spousal maintenance payments.  Alternatively, he asked the trial court to modify the amount of spousal maintenance that it had previously ordered him to pay because "[t]here has been a material or substantial change in circumstances since entry of the [judgment]."

---

[1]     Neither judgment is included in the appellate record.

In her answer, Adams asserted that the November 17, 2006 judgment was based on an "irrevocable mediated settlement agreement,"[2] dated October 9, 2006, and she requested attorney's fees.

The trial court held a hearing on Coble's petition, and although he was not present at the hearing, he was represented by counsel. The trial court then entered judgment in favor of Adams, concluding that it had jurisdiction over the case and the parties and "the Final Judgment on Post-Divorce Irrevocable Mediated Statement Agreement signed by th[e] Court on November 17, 2006 is not void." It ordered that Coble "take nothing by way of his Petition to Modify Spousal Maintenance . . . and that such Petition to Modify Spousal Maintenance is . . . wholly denied and dismissed." And the trial court awarded Adams $7,500 in attorney's fees.

## Standard of Review

We review a trial court's denial of a motion to modify spousal maintenance for an abuse of discretion. *See In re Marriage of Lendman*, 170 S.W.3d 894, 899 (Tex. App.—Texarkana 2005, no pet.); *see also Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (reviewing child support order). We will reverse a trial court's order only if we determine, from reviewing the record as a whole, that the trial court's decision was arbitrary and unreasonable. *Patterson v. Brist*, 236

---

[2] A copy of the parties' mediated settlement agreement is also not included in the appellate record.

3

S.W.3d 238, 239–40 (Tex. App.—Houston [1st Dist.] 2006, pet. dism'd). We view the evidence in the light most favorable to the trial court's decision and indulge every legal presumption in favor of its judgment. *Holley v. Holley*, 864 S.W.2d 703, 706 (Tex. App.—Houston [1st Dist.] 1993, writ denied).

## Modification of Child Support

In three issues, Coble argues that the trial court erred in denying his Petition to Modify Spousal Maintenance because Adams did not establish by a preponderance of the evidence that the trial court was without jurisdiction to rule on Coble's petition and the trial court failed to allow him to present "evidence regarding the change of circumstances from the prior order." Coble complains: "In this lawsuit the court entered an order saying that [it] had no jurisdiction over the issue. At the same time in the same order the court assessed a monetary judgment against [Coble]. If the court had no authority, it had no authority." (Footnote omitted.)

In regard to his second issue, contrary to Coble's assertions, the trial court did not conclude that it was without jurisdiction to hear his petition and it did not deny Coble's petition on this basis. Instead, the trial court, in its order, specifically stated: "The Court, after receiving evidence, finds that it has jurisdiction of this

case and of all the parties."[3]   Because Coble agrees with the trial court's determination that it had jurisdiction to hear his petition, he has raised no actual issue or point of error for us to review regarding jurisdiction.[4]   *See* TEX. R. APP. P. 38.1(f) (requiring appellant to present issues or points for review); *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.) (appellant raises issue when it directs reviewing court to error); BLACK'S LAW DICTIONARY 907 (9th ed. 2009) (defining "issue" as "[a] point in dispute"); BLACK'S LAW DICTIONARY 1275 (9th ed. 2009) (defining "point of error" as "[a]n alleged mistake by a lower court asserted as a ground for appeal").   Thus, we are unable to conclude, as Coble asserts, that the trial court "abused its discretion when [it] entered an order denying the requested modification on the basis that the court had no jurisdiction."

We overrule Coble's second issue.

In regard to his first issue, although Coble argues that the trial court erred in denying his Petition to Modify Spousal Maintenance because the "evidence is not

---

[3]   At the hearing on Coble's petition, the trial court did not indicate in any way that it was without jurisdiction to hear his petition.

[4]   We note that Coble presents no argument as to the propriety of the trial court's exercise of jurisdiction in this case.   *See* TEX. R. APP. P. 38.1(i) (requiring appellant to present cogent argument to support issue); *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.) ("In the review of a civil case, the appellate court has no discretion to consider an issue not raised in the appellant's brief . . . ."); *Cervantes-Peterson v. Tex. Dep't of Family & Protective Servs.*, 221 S.W.3d 244, 255 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (issue not presented for appellate review when no discussion in body of brief and no citation to supporting authority).

sufficient to support the judgment," he does not provide support for his argument. Instead, he merely states: "The evidence must support the judgment for each of the relied upon pleadings and elements of both the cause of action and the relief sought and within the authority of the Court. [Coble] would contend the record below supports neither the dismissal nor the judgment for attorney['s] fees." (Footnote omitted.) Similarly, in regard to his third issue, although Coble asserts that the trial court erred in not allowing "his counsel to present evidence of the nature and extent of issues forming the basis of his requested relief," he does not provide any support for his assertion. Rather, he merely states that "[t]he court acted based solely upon the pleadings and the argument of counsel" and "denied [him] due process and an opportunity to be heard and present his position through the presentation of sworn testimony."

An appellant's brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record. TEX. R. APP. P. 38.1(i). "This requirement is not satisfied by conclusory statements." *Marin Real Estate Partners, L.P. v. Vogt*, 373 S.W.3d 57, 75 (Tex. App.—San Antonio 2011, no pet.). A failure to provide substantive analysis of an issue or cite appropriate authority waives the complaint. *Id.*; *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.); *Cervantes-Peterson v. Tex. Dep't of*

*Family & Protective Servs.*, 221 S.W.3d 244, 255 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Here, Coble, in his brief, does not provide us with a clear and concise argument, substantive analysis, or appropriate citations to authorities and the record to support his sufficiency argument. His conclusory statements, which simply state that there is no evidence to support the judgment, are not enough. *See In re D.J.W.*, 394 S.W.3d 210, 223 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (failure to provide legal argument in brief to support challenge to legal and factual sufficiency of evidence waived issue); *Vogt*, 373 S.W.3d at 75 (sufficiency issue waived when "brief contain[ed] three conclusory statements . . . each of which essentially says there was no evidence of damages"); *see also Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) ("Rule 38 requires [appellant] to provide us with such discussion of the facts and the authorities relied upon . . . to maintain the point at issue. This is not done by merely uttering brief conclusory statements, unsupported by legal citations." (internal citations omitted)).

In regard to his third issue, Coble has also not offered any legal analysis or citations to appropriate authorities and the record to support his due process argument. *See Huey*, 200 S.W.3d at 854 (holding appellant waived due process contentions due to inadequate briefing); *Cervantes-Peterson*, 221 S.W.3d at 255

(appellant presented nothing for court to review when due process argument not properly briefed).

Accordingly, we hold that Coble has waived his first and third issues due to inadequate briefing. *See* TEX. R. APP. P. 38.1(i); *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (appellate court may deem points of error waived due to inadequate briefing).

**Conclusion**

We affirm the judgment of the trial court.


Terry Jennings
Justice

Panel consists of Chief Justice Radack and Justices Jennings and Keyes.