**Alma Virginia POWELL, Appellant,**

v.

**Mary Lee POWELL, Appellee.**

**No. 20353.**

Court of Civil Appeals of Texas, Dallas.

Aug. 6, 1980.

James H. Martin, R. Michael Farquhar, Charles Wilson, Carter, Jones, Magee, Rudberg, Moss & Mayes, Dallas, for appellant.

Robert C. Hinton, Jr., Burleson, Pate & Gibson, Dallas, for appellee.

Before GUITTARD, C. J., and AKIN and HUMPHREYS, JJ.

GUITTARD, Chief Justice.

The principal question on this appeal is whether a widow is disqualified to serve as her husband's administratrix because she intentionally shot and killed him. The probate court found that the shooting was not wrongful because it was in self defense. We conclude that the evidence supports this finding. Consequently, we affirm.

The decedent's mother applied for and received letters of administration shortly after the shooting, when the widow was under indictment for murder. The widow was acquitted and later brought this action under section 220(b) of the Texas Probate Code (Vernon Supp.1980)[1] to remove the mother and have herself appointed, claiming priority under section 77 of the Code. After a hearing, the probate court removed the mother and appointed the widow as administratrix. The court filed findings and conclusions to the effect that the widow shot the decedent five times with a gun, that she resorted to such force because she feared for her life and safety, that she believed from the decedent's statements that he was immediately going to obtain a knife to harm her and her family even though he was unarmed, and that the killing was in self defense.

At the hearing the widow was the only witness to the relevant facts. She testified that she had been "beaten up" by the decedent on several occasions, that on the occasion in question he "slung" her into a corner of the bedroom, struck her with his hands and fists and told her that he was going to

---

1. Tex.Probate Code § 220(b) provides: (b) Because of Existence of Prior Right. Where letters have been granted to one, and another whose right thereto is prior and who has not waived such right and is qualified, applies for letters, the letters previously granted shall be revoked and other letters shall be granted to the applicant.

get a knife and kill her and also kill her child and parents, but said that he was "going to beat me up a little bit first." She admitted that she pointed a pistol at him, pulled the trigger, intended to shoot him, and did shoot him five times. She also testified that she believed that she had to shoot him or be killed and that she shot him in self defense because of fear for her own life and the life of her family.

On this appeal, the mother does not attack the trial court's fact findings directly, but asserts in her first point as follows: "A spouse who, intentionally and wrongfully, kills the other spouse, though she is acquitted of the charge of murder, equity disinherits the killer spouse and disqualifies her from serving as administratrix of the estate of the deceased."

■ This point is not proper for our consideration, since it is an abstract proposition of law and does not complain of any specific action of the trial court. *Commercial Standard Ins. Co. v. Southern Farm Bureau Cas. Ins. Co.*, 509 S.W.2d 387, 392 (Tex.Civ.App.–Corpus Christi 1974, no writ); State Bar of Texas, Appellate Procedure in Texas, § 14.4 at 304 (2d ed. 1979). Nevertheless, rule 422 of the Texas Rules of Civil Procedure provides that substantial compliance with the rules will suffice. Rather than require the case to be rebriefed, as rule 422 authorizes, we construe appellant's first point and the arguments under it as complaining that the trial court erred in holding that the widow was qualified to serve as administratrix because her own testimony shows as a matter of law that the killing was intentional and wrongful.

■ So construed, the first point is overruled. The widow's testimony that the decedent was unarmed when she shot him and had only threatened to get a knife after "beating me up a little bit" does not negate self defense. The test of self defense is whether it reasonably appeared to the party accused of murder that she was in danger of death or serious bodily injury. *McMurrey Corp. v. Yawn*, 143 S.W.2d 664, 667 (Tex.Civ.App.–Texarkana 1940, writ ref'd). The trial court was authorized to accept her testimony that she acted in fear for her life, and, consequently, to hold that the killing was not wrongful.

■ The mother also contends that the probate court erred in removing her as administratrix because the widow had waived her right of appointment as administratrix by failure to object to the mother's appointment. We hold that the mother cannot raise that question here because she did not raise it in the trial court. We do not consider this to be a matter of fundamental error which appellant can raise here for the first time without giving the trial judge an opportunity to make a correct ruling. The orderly administration of justice requires that issues and objections be raised in the trial court so that justice may be done there rather than to permit a litigant to wait until after the trial court has acted adversely and then complain for the first time on appeal. *National Lloyds Ins. Co. v. McCasland*, 566 S.W.2d 565, 568–69 (Tex.1978); *State of California Dept. of Mental Hygiene v. Bank of the Southwest Nat'l Ass'n*, 163 Tex. 314, 354 S.W.2d 576, 581 (1962); *Slaughter Inv. Co. v. Cooper*, 597 S.W.2d 455, 457 (Tex.Civ.App.–Dallas 1980, no writ).

■ Moreover, waiver is an affirmative defense which rule 94 of the Texas Rules of Civil Procedure requires to be affirmatively pleaded, and, unless pleaded, cannot be raised for the first time on appeal. *Seamless Floors by Ford, Inc. v. Value Line Homes, Inc.*, 438 S.W.2d 598, 600 (Tex.Civ.App.–Fort Worth 1969, writ ref'd n. r. e.). No waiver was pleaded in this case.

■ Neither can we agree with the mother's contention that section 220(b) of the Code, which authorizes a person with a prior right of appointment "and who has not waived such right and is qualified," to be substituted as administrator, shifts the burden to the applicant to negate waiver. When the applicant is among those named in the Code as entitled to priority, the burden is on the opposing party to establish the applicant's disqualification. *Chapa v. Hernandez*, 587 S.W.2d 778, 781 (Tex.Civ.App.–

Corpus Christi 1979, no writ); *Ramirez v. Garcia de Bretado*, 547 S.W.2d 717, 718 (Tex.Civ.App.–El Paso 1977, no writ); *McDonald v. Hanks*, 349 S.W.2d 787, 789 (Tex. Civ.App.–Eastland 1961, writ ref'd n. r. e.).

Affirmed.