John B. CHRISTIE and Alison W. Christie, Appellants,

v.

FIRST AMERICAN BANK, Appellee.

No. 94–CA–000969–MR.

Court of Appeals of Kentucky.

Oct. 27, 1995.

Robert L. Templeton, P.S.C., Ashland, on brief John O. Morgan, Jr., P.S.C., Lexington, George P. Stavros, Ashland, for appellant.

John Armstrong West, Greenebaum, Doll & McDonald, Lexington, on brief Nicholas R. Glancy, Benjamin D. Crocker, Lexington, for appellee.

Before HOWERTON, HUDDLESTON and MILLER, JJ.

## OPINION

HUDDLESTON, Judge.

In *Hanson v. American Nat'l Bank & Trust Co.*, Ky., 865 S.W.2d 302, 309 (1993), the Supreme Court of Kentucky left open the issue of whether a duty of good faith is owed in calling a demand note. We now join the majority of jurisdictions in this country that have answered this question in the negative.[1] While we have held that banks have a duty to exercise good faith and use ordinary care in handling customer accounts,[2] we are unwilling to extend that duty to the calling of demand notes. To impose a duty of good faith in calling demand notes would prevent lenders from enforcing their legal rights.[3] Accordingly, we adopt the rule that "[t]he holder of a demand note may demand payment at anytime with or without any reason for so doing."[4] Anderson, *U.C.C.* § 3–108:14. We caution, however, that our holding is limited to pure demand notes such as those presently before us.[5] We are not faced with the issue of whether the duty of good faith applies to other types of loan transactions.[6]

The facts of this case can be readily summarized. First American Bank ("the bank") filed separate actions against Wiley B. Christie and John B. and Alison Christie, husband and wife (collectively, "the Christ-

1. "The obligation of good faith does not apply to demand instruments." 5A Ronald A. Anderson, *Uniform Commercial Code* § 3–108:3 (3d ed. 1994).

2. *Bullitt Co. Bank v. Publishers Printing Co.*, Ky. App., 684 S.W.2d 289 (1984).

3. "The concept of good faith plays only a limited role in the field of commercial paper because of the basic principle that the enforcing of contract terms is not to be regarded as acting in bad faith." Anderson, *U.C.C.* § 1–203:17.

4. Anderson continues: "The only obligation resting on [the] holder of a demand note is to proceed within the period of the statute of limitations." Anderson, *U.C.C.* § 3–108:14.

5. Some jurisdictions have held that "a bank's retaliation against a customer for the customer's insistence that the bank adhere to the terms of an account agreement could constitute a breach of the implied duty of good faith and fair dealing." Lori J. Henkel, Annotation, *Bank's Liability for Breach of Implied Contract of Good Faith and Fair Dealing*, 55 A.L.R.4th 1026, 1053 (1987) (citing *Tribby v. Northwestern Bank of Great Falls*, 217 Mont. 196, 704 P.2d 409 (1985)). In the memorandum the Christies submitted to the circuit court in opposition to the bank's motion for summary judgment, they assert that the bank's motive for calling the notes was retaliation. Because the record before us lacks any further suggestion of retaliation, our opinion should not be read to address such situations.

6. In fact, we have considered a bank's duty of good faith as it applies to a declaration of default and use of collateral. *See, Gross v. Citizens Fidelity Bank—Winchester*, Ky.App., 867 S.W.2d 212 (1993) (implying that bank has duty of good faith in declaring default).

Furthermore, the demand notes before us are easily distinguished from the instrument addressed in *Reid v. Key Bank of Southern Maine, Inc.*, 821 F.2d 9 (1st Cir.1987). In *Reid*, the "demand note" in question was executed along with several other documents to create a line of credit. Reid had not received the full amount of the loan at the time that the bank demanded payment. While the Christies had several outstanding notes with the bank, these instruments did not function to establish a line of credit, and they had received the full amount of the notes.

The notes at issue here may also be distinguished from the instrument considered in *Shaughnessy v. Mark Twain State Bank*, 715 S.W.2d 944 (Mo.Ct.App.1986). In *Shaughnessy*, it was held that the loan agreement was not a true demand note because it contained terms that were inconsistent with the demand language. The notes before us are "pure demand notes." We do not consider the obligation to pay interest while the note is outstanding to be inconsistent with the demand language. Furthermore, we have held that notes will be construed strictly against the maker in the case of an ambiguity concerning whether it is a demand note. *Corbin Deposit Bank & Trust Co. v. Mullins Enterprises, Inc.*, Ky.App., 641 S.W.2d 760, 762 (1982). *See also* Anderson, *U.C.C.*3d § 3–108:10.

*K.M.C. Co. v. Irving Trust Co.*, 757 F.2d 752 (6th Cir.1985), holding that demand provision is a type of acceleration clause to which duty of good faith applies, is also distinguishable. In *K.M.C.*, the court considered a demand provision contained in a complex financing agreement, including a line of credit. By contrast, we are faced with seven independent notes which clearly are simple "demand notes."

ies") to enforce a Guaranty Agreement and to collect on demand notes executed by the Christies. The Christies asserted several counterclaims against the bank. Boyd Circuit Court consolidated the actions and, after denying the bank's original motion for summary judgment on the demand notes,[7] granted summary judgment when the motion was renewed several months later.[8] Wiley Christie has settled with the bank and is no longer a party to this action. The counterclaims filed by John and Alison Christie and the bank's claim concerning the Guaranty Agreements are still pending before the circuit court. At the bank's request and over the objection of the Christies, the circuit court certified the judgment on the demand notes as final pursuant to Ky.R.Civ.Proc. (CR) 54.02. The Christies appeal the summary judgment and the CR 54.02 certification.

Initially, we reject the contentions that summary judgment was improper.[9] As the parties have correctly observed in their briefs, summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." CR 56.03. The Christies are correct in saying that the party moving for summary judgment, the bank here, has the burden of proving entitlement to summary judgment. *Steelvest, Inc. v. Scansteel Service Center, Inc.*, Ky., 807

S.W.2d 476, 482 (1991). The record before us, however, contains no indication that this burden was ever shifted to the Christies as they claim. The fact that summary judgment was granted after being initially denied does not establish that the court improperly shifted the burden of proof. In any event, the circuit court clearly did not err in holding that there exists no genuine issue of material fact regarding the amount due on the notes.

The Christies also claim that the circuit court abused its discretion in certifying the judgment on the notes as final over their objection. While the purpose behind CR 54.02 [10] may not be to allow certification of judgments as final at the request of a prevailing party, we see no reason to reverse such a certification where the trial court has made a "determination that there is no just reason for delay." CR 54.02. The trial court has broad discretion in such matters.[11]

The judgment is affirmed.

All concur.

---

7. The order denying the original motion for summary judgment states: "The Court, after hearing arguments of counsel and reviewing authorities submitted, is of the opinion that the issue of whether good faith is required in the calling of a demand note is not an issue that has been addressed by Kentucky law and, therefore, summary judgment is not appropriate."

8. The order granting the subsequent motion for summary judgment states: "The Court felt that after the taking of some discovery the issues would be more clearly defined. It is now apparent, however, that regardless of how much discovery is undertaken, the issue of whether good faith is required in the calling of a demand note is, and will remain, purely a legal issue. . . . [The bank] clearly demonstrates that several other jurisdictions have specifically declined to apply the good faith requirement to the calling of a demand note. This being the case, there is no genuine issue as to a material fact concerning the demand notes. . . ."

9. On appeal, the Christies contend that the lower court erred by shifting the burden of proof to them on the renewed motion for summary judgment and that summary judgment was improper because genuine issues of material fact existed as to the precise balances due on the notes. If there was a fact issue as to the balance due on any of the notes, it related to the Wiley Christie notes. They are no longer of concern as he has settled with the bank and withdrawn from this action.

10. CR 54.02(1) provides: "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may grant a final judgment upon one or more but less than all of the claims or parties only upon a determination that there is no just reason for delay. . . ."

11. *Jackson v. Metcalf*, Ky., 404 S.W.2d 793 (1966).