Willis OUSLEY; Vonnie Ousley; V.W. Coals of Risner, Inc.; Gary Ousley; Karen Ousley; Cobra Coals, Inc.; Bee Tree Coals, Inc., Greeley Ousley; and Beulah Ousley, Appellants,

v.

FIRST COMMONWEALTH BANK OF PRESTONSBURG, KENTUCKY, Appellee.

No. 1997–CA–001938–MR.

Court of Appeals of Kentucky.

Feb. 12, 1999.

Rehearing Denied May 28, 1999.

Discretionary Review Denied by Supreme Court Jan. 12, 2000.

Richard A. Getty, David T. Faughn, Bowles Rice McDavid, Matthew Heiman, Lexington, Kentucky, for Appellants.

Richard E. Fitzpatrick, Prestonsburg, Kentucky, for Appellee.

Before BUCKINGHAM, MILLER, and SCHRODER, Judges.

## OPINION

SCHRODER, Judge.

This is an appeal from a summary judgment entered in favor of the bank in a declaratory judgment action by former customers of the bank seeking access to all of the records pertaining to the customers' past loans and accounts. Upon consideration of the arguments of the parties, the record herein, and the applicable law, we hold that a former customer of a bank has a right to obtain records of its former accounts and loans with a bank. Thus, we reverse and remand for further proceedings.

Appellants, Vonnie, Willis, Karen, Greeley and Beulah Ousley (collectively, the "Ousleys") did business with The First Commonwealth Bank of Prestonsburg, Inc. ("First Commonwealth") for many years. In addition, certain corporations controlled by the Ousleys, including Cobra Coals, Inc. ("Cobra Coals"), Bee Tree Coals, Inc. ("Bee Tree Coals"), and V.W. Coals of Risner, Inc. ("V.W.Coals") (collectively, the "Ousley Corporations"), entered into various loans, notes, and related agreements at First Commonwealth. In July 1989, First Commonwealth sued the Ousleys to collect the amount due on the various obligations on which the Ousleys had defaulted. The bank obtained a judgment in the action on April 18, 1990.

Prior to the bank's action, Karen and Gary Ousley petitioned for bankruptcy and received a discharge on August 25, 1988. Greeley Ousley petitioned for bankruptcy and received a discharge on May 29, 1990. Similarly, Willis and Vonnie Ousley petitioned for bankruptcy, and the order of discharge was entered on June 3, 1991. The three Ousley corporations were administratively dissolved by the Kentucky Secretary of State—Bee Tree Coals in 1987, Cobra Coals in 1989, and V.W. Coals in 1990.

In 1994, after they were no longer customers of First Commonwealth, the Ousleys requested that First Commonwealth provide them with the records relating to the various past accounts, loans, and agreements they had with the bank. The bank refused. Thereafter, the Ousleys, individually, and the three Ousley corporations filed a declaratory judgment action seeking reasonable access to the information related to their past accounts, loans, and agreements with First Commonwealth. The complaint stated that plaintiffs were seeking said records because they had "questions and concerns" about how their accounts were handled by the bank. Upon the bank's motion, the court entered summary judgment in favor of First Commonwealth. This appeal by the Ousleys and the Ousley corporations followed.

Appellants argue that the court erred in entering summary judgment because the appellants had a fundamental right to records of their past accounts regardless of the reason for seeking access to said records. Conversely, appellee contends that appellants have no standing to bring this action and that, because it is apparent that appellants are seeking these records for the purpose of bringing a subsequent action based on these records, appellants are barred from maintaining this action under the doctrines of res judicata, collateral estoppel, issue preclusion, compulsory counterclaims, equitable estoppel, and judicial admissions. In our view, despite the fact that any future action based on what is revealed in the records at issue may well be barred by one of the doctrines stated above, we agree with appellants that they have a fundamental right to records of their accounts and loans with the

bank which is separate from a subsequent action based on what is found in those records. We also adjudge that appellants had standing to bring the action herein to enforce that right.

The issue of whether a former customer of a bank has a right to records regarding his accounts and loans at a bank appears to be a question of first impression in Kentucky, and we could find no case law directly on point in any other jurisdiction. Perhaps, this is because the principles involved have been heretofore considered axiomatic. Nevertheless, we shall endeavor to search out an answer.

■ As to the bank's relationship to its depositor, it has been held that a deposit of money in a bank passes title and becomes part of the assets of the bank under an implied contract that the sum will be repaid upon demand. *Scoggan v. Dillon,* Ky., 252 S.W.2d 35 (1952). This creates a relationship wherein the depositor is considered a creditor and the bank a debtor. *Id.; Ferguson Enterprises, Inc. v. Main Supply, Inc.,* Ky.App., 868 S.W.2d 98 (1993); *Steelvest v. Scansteel Service Center, Inc.,* Ky., 807 S.W.2d 476 (1991). In regard to this inherently contractual relationship, it has been held that banks have a duty to act in good faith and to exercise ordinary care in dealing with their customers and their accounts. *Christie v. First American Bank,* Ky.App., 908 S.W.2d 679 (1995); *Bullitt County Bank v. Publishers Printing Co.,* Ky.App., 684 S.W.2d 289 (1984). KRS 355.1–203 and KRS 355.4–103 of the Uniform Commercial Code (UCC) also impose a duty of good faith and fair dealing on banks. The question that necessarily follows is, is there implied in this duty of good faith and fair dealing a duty on the part of a bank to provide its former customer with records of their accounts? We believe there is.

Under KRS 355.4–406 of the UCC, a bank is not required to send a periodic statement of account to the customer, but if it does not, the customer does not have a duty to reasonably discover any unauthorized payment and the bank cannot avail itself of the one-year statute of limitation for any liability therefor. In the instant case, appellants do not deny that the bank sent them a monthly statement, and the bank maintains that it fulfilled any obligation to account to appellants by sending said monthly statements. Appellants assert that they have a right to request records of their accounts at any time, even after they are no longer customers of the bank.

■ It has been stated that a bank is bound to exhibit its books to a depositor on proper occasions. 10 Am.Jur.2d *Banks* § 345 (1963). It has further been stated that it is the duty of the bank, on request of its depositor, to furnish the depositor with a statement of the account and to accompany such statement with the paid checks as vouchers for such payments. 9 C.J.S. *Banks and Banking* § 278 (1996). In our view, there is implied in the duty of good faith and fair dealing a duty on the part of the bank to account to its customer at the customer's request. Thus, a present customer of a bank clearly has the right to ask for and receive records of his accounts and loans with a bank at any time. We likewise believe that this duty extends to former customers of a bank so long as the bank still has the records and the former customer is willing to pay the cost of obtaining the records.

There are many legitimate reasons a former customer would need his former bank records—audits, personal accounting, divorce, etc. As the bank is custodian of these records, it is the only source from which a former customer can obtain them. Apparently, the only reason appellee refuses to give appellants copies of their records is because it is afraid of potential litigation based on what is in said records. This is simply not a good reason.

As for how long a bank is required to keep a customer's records, we certainly do not mean by this opinion to impose a duty on banks to keep records indefinitely. It

is not unreasonable to expect a bank to keep records of its customers' accounts for a reasonable time, including whatever time it is required to keep the records under state or federal law. *See* KRS 287.375(3); 808 KAR 1:050; 808 KAR 6:105; and 12 U.S.C.A. § 1829b.

■ We reject appellee's argument that appellants did not have standing to assert this action because the Ousley corporations had been dissolved prior to this action. The Ousleys individually sought these records as well. In any event, we see no reason why the records of a dissolved corporation could not be made available under appropriate circumstances.

■ Finally, appellee argues that because appellants filed bankruptcy, they no longer have a right to their bank records since said right is now vested in the bankruptcy estate. In our view, although the funds in the bank accounts may have become part of the bankruptcy estate and the bankruptcy trustee may have had the right to access the records of those accounts, the appellants had and still have a right to those records as well, as they were the actual customers of the bank.

For the reasons stated above, the judgment of the Floyd Circuit Court is reversed and remanded for further proceedings consistent with this opinion.

ALL CONCUR.