**AFFIRM; and Opinion Filed July 11, 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

No. 05-12-00602-CV

_____

**ELBERT MOORE, Appellant**

**V.**

**SUNNYVALE LIMITED PARTNERSHIP, SUPERIOR DYNAMICS, INC., AND JOHN W. COLLINS, Appellees**

**On Appeal from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 10-06561**

## MEMORANDUM OPINION

Before Chief Justice Wright[1] and Justices Lang-Miers and Fillmore
Opinion by Justice Lang-Miers

Appellant Elbert Moore[2] appeals the trial court's judgment against him quieting title, enjoining trespass to real property, and concluding Moore's actions constituted a private nuisance. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm.

---

[1] Due to the retirement of the Honorable Mary Murphy from this Court on June 7, 2013, Chief Justice Carolyn Wright participated in the issuance of this Memorandum Opinion. *See* TEX. R. APP. P. 41.1(a).

[2] Although Moore's brief lists "Elbert Moore, The New Testament Church of Christ, Inc. (formerly known as Sunnyvale Church of Christ of Dallas, Texas Inc.)" as appellants, only Elbert Moore filed a notice of appeal and, as a result, is the sole appellant before us. *See* TEX. R. APP. P. 25.1(c), (d)(5). Separately, Sunnyvale Church of Christ of Dallas, Texas, Inc. intervened in the suit, but no one appeared on its behalf at trial.

## BACKGROUND

Appellees Sunnyvale Limited Partnership, Superior Dynamics, Inc., and John W. Collins sued Moore to quiet title and enjoin trespass to real property and for private nuisance. After a trial to the court in which Moore appeared pro se, the court made findings of fact and conclusions of law, and subsequently issued a final judgment that reflected the findings and conclusions.

The trial court found, in relevant part, that (1) Sunnyvale Limited Partnership purchased real property and improvements located at 4759 Sunnyvale Street, Dallas, Texas, from Sunnyvale Church of Christ of Dallas, Texas, Inc., (2) Sunnyvale Limited Partnership owned the property and had owned the property continuously since the Church transferred the property to Sunnyvale Limited Partnership by a special warranty deed on April 13, 2000,[3] (3) Moore was president and minister of the Church and his signature was on the special warranty deed transferring the property and was notarized, (4) at or near the time of the property conveyance, Sunnyvale Limited Partnership executed an assumption agreement to assume payment of the balance owed on bonds between the Church and Colonial Trust Company,[4] (5) after the Church conveyed the property to Sunnyvale Limited Partnership, Moore began filing documents in the county clerk's office, including four warranty deeds filed between 2002 and 2010, that purported to create encumbrances upon or interests in the property and clouded title to the property, (6) these documents constituted deeds from a divested interest holder and were invalid, (7) given Moore's conduct in filing the improper deeds and going onto the property without the current

---

[3] The trial court also found that the original conveyance of the property inadvertently included portions of two lots of land and that Sunnyvale Church of Christ of Dallas, Texas, Inc. and Sunnyvale Limited Partnership amended the purchase and sale agreement to carve out those portions from the conveyance.

[4] The trial court found that appellees defaulted on the assumption agreement, Colonial initiated foreclosure proceedings and a lawsuit, the parties resolved the lawsuit with a compromise and settlement agreement, foreclosure was halted, and the parties entered an agreed final judgment on January 7, 2002, disposing of the lawsuit.

owner's permission, imminent and irreparable harm would befall appellees, for which there would be no adequate remedy at law, if Moore was not enjoined from those activities.

The trial court concluded that (1) Moore's actions improperly clouded title to the property because neither Moore nor the Church were "the proper owner of the subject property[,]" (2) Moore's actions "constitute[d] trespass and private nuisance" and affected or impaired appellees' rights in the property, (3) deeds that Moore filed between 2002 and 2010 were "filed by a divested interest holder" and affected or impaired appellees' title in the property and were "invalid and void[,]" and (4) Moore was permanently enjoined from taking certain actions, including entering the premises, changing locks on the building, filing any documents in the public record that encumbered, contested, or interfered with appellees' ownership of the property, and taking any other action that "unlawfully interferes" with appellees' rights of title in, entry to, or possession or control of the property.

## ANALYSIS

Moore represents himself on appeal. Although we liberally construe pro se pleadings and briefs, a pro se litigant is required to follow the same rules and laws as litigants represented by a licensed attorney. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Drum v. Calhoun*, 299 S.W.3d 360, 364 (Tex. App.—Dallas 2009, pet. denied). Otherwise a pro se litigant would have an unfair advantage over a litigant represented by a licensed attorney. *Mansfield State Bank*, 573 S.W.2d at 185; *Drum*, 299 S.W.3d at 364.

The rules of appellate procedure require that an appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). And this Court does not search the record for facts that favor a party's position, identify possible trial court error, or do legal research that might support a party's contentions. *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex.

–3–

App.—Dallas 2010, no pet.). In addition, the record must support statements in a brief or they will not be considered on appeal. *In re A.W.P.*, 200 S.W.3d 242, 244 (Tex. App.—Dallas 2006, no pet.).

Moore presents thirty-one issues on appeal.[5] As a threshold matter, we must determine whether Moore has preserved his complaints regarding these issues for appellate review. *See In re M.S.*, 115 S.W.3d 534, 547 (Tex. 2003) (noting "error preservation in the trial court . . . is a threshold to appellate review"); *Tate v. Andrews*, 372 S.W.3d 751, 754 (Tex. App.—Dallas 2012, no pet.). To preserve a complaint for appellate review, a party generally must present the complaint to the trial court by timely request, motion, or objection, stating the specific grounds, and obtain a ruling. *Shaw v. Cnty. of Dallas*, 251 S.W.3d 165, 174 (Tex. App.—Dallas 2008, pet. denied) (citing TEX. R. APP. P. 33.1(a)). "If the matter is not presented to the trial court, the trial court has no opportunity to rule on the issue or to correct its ruling if it is made in error." *In re R.J.P.*, 391 S.W.3d 677, 678 (Tex. App.—Dallas 2013, no pet.) (quoting *In re Marriage of Lendman*, 170 S.W.3d 894, 898 (Tex. App.—Texarkana 2005, no pet.)); *see also Powell v. Powell*, 604 S.W.2d 491, 493 (Tex. Civ. App.—Dallas 1980, no writ) ("The orderly administration of justice requires that issues and objections be raised in the trial court so that justice may be done there rather than to permit a litigant to wait until after the trial court has acted adversely and then complain for the first time on appeal."). In addition, to preserve error for appellate review, "a party's argument on appeal must comport with its argument in the trial court." *Knapp v. Wilson N. Jones Mem'l Hosp.*, 281 S.W.3d 163, 170 (Tex. App.—Dallas 2009, no pet.).

---

[5] Appellees did not file a brief in this Court.

Moore's thirty-one issues can be summarized to include:[6]

(1)     whether the trial court abused its discretion by denying Moore and the Church ownership of the property "taken by Appellee Collins by fraud, forgery, conspiracy, and deception" and whether the Church has "legal ownership" of the property "due to the illegal fraud, forgery, and conspiracy";

(2)     whether the signatures of Moore and a church board member on documents were forgeries and whether the "forged documents" should be "set aside, null, and void";[7]

(3)     whether "newly discovered evidence is available"—which Moore submits as exhibits to his appellate brief—for this Court "to ascertain the authenticity of the purported documents and perjured testimony" offered by Collins and his attorneys;

(4)     whether the police and district attorney's office should have prosecuted "the forgery, fraud, deception, and conspiracy" as "criminal acts";

(5)     whether appellees "made an unauthorized assumption and exercise of the right of ownership over" the property "by conversion";

(6)     whether "Superior Dynamics, Inc.; Sunnyvale Limited Partnership, Inc.; and The Collins Company" are "defunct, cancelled," and "[n]o longer authorized to operate as a business in the State of Texas" and whether this precluded or barred appellees "from conducting business transactions";

(7)     whether appellees' "purported and illegal business entities" "in a 'concerted effort'" took the property and "illegally deprived" Moore and the Church of the property for over thirteen years;

(8)     whether "the various legal documents introduced into evidence" by appellees' attorneys "were false and misrepresentation[s] of facts" and were "forged, fraudulent, and not authentic" and whether "the ownership purported by Appellees/Plaintiffs should be voided due to the[se] illegal forged, fraudulent, and deceptive documents";

---

[6] Moore states various of his issues in terms of claims by "Appellants," meaning Moore and the Church. Because Moore is the only appellant before us on this appeal, the issues as presented here refer solely to Moore as the appellant, unless the context requires inclusion of both Moore and the Church.

[7] Moore refers to both the claimed forged documents that he submits as exhibits to his appellate brief and the claimed "forged, fraudulent, and deceptive documents produced by Appellees/Plaintiffs." Two of appellees' exhibits admitted at trial—the special warranty deed and the assumption agreement—are exhibits submitted with Moore's appellate brief. Some of Moore's exhibits admitted at trial are also exhibits submitted with Moore's appellate brief: (1) an engagement letter and additional letter from the law firm that represented the Church in the sale of the property, (2) the written consent of the board of trustees of the Church consenting to the sale of the property, and (3) a letter from Colonial Trust Company's attorney concerning the transaction and a letter from Moore to Colonial's attorney. Moore also submits Collins's affidavit that was attached to appellees' original petition as an exhibit to his appellate brief. The numerous other documents Moore submits as exhibits to his appellate brief were not admitted at trial.

(9)     whether Collins "purported to be a licensed attorney in the State of Texas" and real estate law professor in 1999;

(10)    whether the property (including the lots previously attached to the property) was entitled to tax exempt status from fiscal years 1999 through 2012 because Collins was not the legal owner;

(11)    whether Collins "and his illegal business entities profited from taking Appellant's Church Real Property" when they conducted business transactions, including filing property insurance claims on policies that Moore and the Church had in effect;

(12)    whether the trial court proceedings, including Moore's "courtroom appearance without legal counsel[,]" the "taking of real estate property[,]" and "'final order procedures'" violated Moore's "Constitutional Rights and Guarantees";

(13)    whether the notary public "financially benefited" from her negligence in not verifying the signatures on the transaction documents or verifying the honesty and truthfulness of Collins and William Scott Wyatt, the attorney who represented the Church in the transaction, and whether the notary "negligently allowed" Collins and Wyatt to use her notary seal "in an illegal manner" to her financial benefit;

(14)    whether Collins and Wyatt "conspired together to illegally cheat" Moore out of the property "by knowingly notarizing forgeries";

(15)    whether the Church property, the "illegal transactions by Appellees[,]" the loss of use of and business revenue from the property, "the illegal confiscation and the illegal 'locking-down' and locking out of the rightful owner[,]" and "the equipment" have certain estimated values;

(16)    whether Moore "has suffered irreparable injury, harm, and damages[,]" including economic damages, and whether Moore is entitled to monetary damages for the illegal taking of the property and damages for mental anguish; and

(17)    whether Moore is entitled to attorney's fees and reimbursement of court costs.

With respect to Moore's first summarized argument that the trial court abused its discretion by denying Moore and the Church ownership of the property because appellees took the property "by fraud, forgery, conspiracy, and deception[,]" Moore does not complain of a specific error by the trial court, but rather that the court made an incorrect determination.

However, Moore does not state his argument as a challenge to the sufficiency of the evidence. *See* TEX. R. APP. P. 33.1(d) (stating that, in a nonjury case, a complaint regarding the legal or factual insufficiency of the evidence may be made for the first time on appeal). He does not state the standard of review for a sufficiency of the evidence complaint,[8] does not cite any legal authority addressing or cite the record to support a sufficiency complaint, and does not analyze how the evidence in the case was insufficient to support the judgment. *See id.* 38.1(i). As a result, he has not raised an issue challenging the sufficiency of the evidence and has not preserved this issue for appeal. *See id.* 33.1; *Ganter v. Alpha Testing, Inc.*, No. 05-10-01228-CV, 2012 WL 2584836, at *3 (Tex. App.—Dallas July 5, 2012, no pet.) (mem. op.). We resolve this issue against Moore.

As to Moore's second summarized issue that the signatures on documents were forgeries, Moore alleged at various times while acting as his own attorney that his signature on documents was forged. But Moore did not object to admission of the documents into evidence or to the judge's condition to admit two of his exhibits only after redacting the word "forgery" that Moore had written on the documents. Further, although Moore asked Collins why Collins forged his signature—which Collins denied—Moore did not present any evidence below establishing that the documents were forgeries. And Moore does not present his forgery argument on appeal as a challenge to the sufficiency of the evidence or cite the record to support his argument. Consequently, Moore has not preserved his forgery argument for appeal. *See* TEX. R. APP. P. 33.1, 38.1(i); *see also Morris v. Wells Fargo Bank, N.A.*, 334 S.W.3d 838, 840–48 (Tex. App.—Dallas 2011, no pet.) (considering allegations on appeal that evidence was not legally and factually sufficient to support finding that signature on deed was genuine and discussing

---

[8] Although Moore describes the "substantial evidence standard of review" under California law, he does not present the sufficiency of the evidence standard of review under Texas law that would apply to our review of a sufficiency complaint, nor does he relate his discussion of the California "substantial evidence" standard to the issues he presents, including the first summarized issue. Rather, he includes his discussion of the California substantial evidence standard of review between two sections of his brief that discuss public takings law.

evidence presented at trial concerning whether signature was genuine). We resolve Moore's forgery issue against him.

Moore's third summarized issue asserts that "newly discovered evidence" that he submits to this Court with his appellate brief "is available" to this Court to "to ascertain the authenticity of the purported documents and perjured testimony" offered by Collins and his attorneys. A motion for new trial is a prerequisite to a complaint on appeal "on which evidence must be heard such as one of . . . newly discovered evidence[.]" TEX. R. CIV. P. 324(b)(1); *see Cruz v. Schell, Beene & Vaughn, L.L.P.*, No. 05-01-0565-CV, 2012 WL 3194074, at *4 (Tex. App.—Dallas Aug. 7, 2012, pet. denied) (mem. op.) (finding error not preserved on claim of newly discovered evidence where appellant filed motion for new trial but there was no hearing or ruling on the motion); *In re J.P.*, 365 S.W.3d 833, 836 (Tex. App.—Dallas 2012, no pet.) (stating required showing by movant to obtain a new trial based upon newly discovered evidence). The record does not reflect that Moore filed a motion for new trial in the trial court. As a result, Moore has not preserved this complaint for appeal and we resolve his third summarized issue against him.

With respect to Moore's arguments summarized as issues four through seventeen above, Moore raises each of these arguments for the first time on appeal. Moore did not present these complaints "to the trial court by a timely request, objection, or motion" stating the specific grounds and obtain a ruling. TEX. R. APP. P. 33.1(a);[9] *see Shaw*, 251 S.W.3d at 174; *see also Knapp*, 281 S.W.3d at 170 (stating that, to preserve an argument for appeal, a party's argument "must comport" with its argument at trial). Nor has he complained of the sufficiency of the evidence with respect to any of these issues. TEX. R. APP. P. 33.1(d). As a result, he has not

---

[9] This preservation requirement stated in rule 33.1(a) likewise applies to constitutional issues, and as a result applies to Moore's constitutional complaint stated in summarized issue twelve. *See In re L.M.I.*, 119 S.W.3d 707, 710–11 (Tex. 2003); *Lowe v. Jefferson Dental Clinics*, No. 05-11-00902-CV, 2012 WL 1669824, at *2 (Tex. App.—Dallas May 14, 2012, no pet.) (mem. op.).

preserved these issues for appellate review. We resolve Moore's complaints summarized as issues four through seventeen against him.

## CONCLUSION

We resolve all of Moore's issues against him and affirm the trial court's judgment.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

120602F.P05



# Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

ELBERT MOORE, Appellant

No. 05-12-00602-CV     V.

SUNNYVALE LIMITED PARTNERSHIP,
SUPERIOR DYNAMICS, INC., AND
JOHN W. COLLINS, Appellees

On Appeal from the 116th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. 10-06561.
Opinion delivered by Justice Lang-Miers,
Chief Justice Wright and Justice Fillmore
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**. It is **ORDERED** that appellees SUNNYVALE LIMITED PARTNERSHIP, SUPERIOR DYNAMICS, INC., AND JOHN W. COLLINS recover their costs of this appeal from appellant ELBERT MOORE.

Judgment entered this 11th day of July, 2013.

/Elizabeth Lang-Miers/

ELIZABETH LANG-MIERS
JUSTICE