**Opinion issued December 23, 2021.**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-20-00717-CV

_____

## NATALIE JANINE GARNES M.D., Appellant

## V.

## ALMA MCAFEE, Appellee

---

### On Appeal from Probate Court No. 2
### Harris County, Texas
### Trial Court Case No. 297,526

---

### MEMORANDUM OPINION

Appellant Natalie Janine Garnes appeals the probate court's order denying her no-evidence motion for summary judgment and motion to vacate the order appointing Appellee Alma McAfee as the dependent administratrix of Carl M. Carroll, Jr.'s estate. In four issues, Appellant argues the trial court erred by (1)

failing to appoint her dependent administratrix for the estate of Carl M. Carroll, Jr. pursuant to the mandatory provisions of Sections 361.103 and 304.001 of the Texas Estates Code, (2) denying her no-evidence motion for summary judgment requesting her appointment, (3) denying her motion to vacate the appointment of Alma McAfee as dependent administratrix of the same estate due to lack of notice, and (4) not entering requested findings of fact and conclusions of law.

We dismiss the appeal for want of jurisdiction.

## Background

This appeal stems from an ongoing dispute among the beneficiaries of the estates of Carl M. Carroll, Jr. ("Carl") and Ruth Carter Carroll ("Ruth"). Carl and Ruth divorced in 1983. They entered into a post-divorce settlement agreement that purported to divide their assets, including certain oil and gas royalty interests held by various entities, including C & RC-53, Inc. ("C & RC-53").

Carl died in 1997. His sister, Robert Mae McAfee ("Ms. McAfee"), was appointed independent executrix of his estate in accordance with the terms of Carl's Last Will and Testament. Ms. McAfee filed an inventory that listed C & RC-53 as Carl's separate property and an asset of his estate.

Ruth died in 2011. Carl's and Ruth's daughter, Laverne Natalie Dailey ("Dailey), was appointed independent executrix of Ruth's estate in accordance with the terms of Ruth's Last Will and Testament.

2

In June 2014, Dailey, as independent executrix of Ruth's estate, petitioned for declaratory judgment asking the probate court to decree that "all real property, royalties and leases held by C & RC 53, Inc. belong to the Estate of Ruth Natalie Carter Carroll, Deceased and that said property was never part of the Estate of Carl M. Carroll, Jr., Deceased, pursuant to the Decree of Divorce and Settlement Agreement." Ms. McAfee, who was then over 90 years old and had been diagnosed with dementia and diastolic heart failure, was served with citation of the petition for declaratory judgment in August 2014. Because Ms. McAfee failed to file an answer in the declaratory judgment action, Dailey filed a motion for default judgment against Carl's estate, which the probate court granted in 2015.

On August 10, 2016, upon the application of Alma McAfee ("Alma"), the probate court removed Ms. McAfee as the independent executrix of Carl's estate due to her legal incapacity. The probate court appointed Alma[1] as the dependent administratrix of Carl's estate and issued her letters of administration.

On August 19, 2016, Natalie Janine Garnes ("Natalie"), Dailey's daughter and Carl's and Ruth's granddaughter, moved to vacate the order appointing Alma as the dependent administratrix of Carl's estate ("Motion to Vacate"). She argued Alma

---

[1] Carl's will named Aubry Leroy McAfee, his nephew and Ms. McAfee's son, as successor independent executor of his estate. Aubry McAfee is disabled and declined to serve as personal representative of Carl's estate. Alma, Aubry McAfee's wife, is Ms. McAfee's daughter-in-law and her court-appointed guardian.

had not provided Natalie, a named devisee under Carl's Last Will and Testament, with notice of Alma's application and related hearing as required by statute. Natalie argued the lack of notice had denied her the ability to contest the appointment of Alma as dependent administratrix of Carl's estate and to file her own application to be appointed dependent administratrix.

Separately, on August 28, 2016, Natalie filed an application to appoint dependent administratrix and for issuance of letters of administration ("Application to Appoint") asking the court to appoint her as the dependent administratrix of Carl's estate. Natalie claimed she had a superior statutory right over Alma to be appointed dependent administratrix pursuant to Section 304.001 and 361.103 of the Texas Estates Code. Natalie then filed a no-evidence motion for summary judgment on the same grounds ("Motion for Summary Judgment"), claiming that as a matter of law, she had a higher statutory right to be appointed as the successor dependent administratrix of Carl's estate. Alma filed a response to Natalie's Application to Appoint and Motion for Summary Judgment contesting Natalie's application and suitability to serve as dependent administratrix of Carl's estate. Alma argued there were issues of material fact concerning Natalie's qualification to serve precluding summary judgment.

By order dated October 7, 2020, the probate court denied Natalie's Motion for Summary Judgment and Motion to Vacate. The probate court held that

> Upon hea[r]ing and review of the pleadings by the parties to the motion to have Contestant, Natalie Janine Games appointed Administratrix of Decedent, Carl M. Carroll, Jr.' Estate, the court finds that the Dependent Administratrix, Alma McAfee, has raised genuine issues of material fact and that Contestant, Natalie Janine Garnes's No-Evidence Summary Judgment Motion should be denied.

> Upon hea[r]ing and review of the pleadings by the parties to the Motion to Vacate the Order Appointing Dependent Administratrix for Lack of Notice and Motion for Sanctions, the court finds that Contestant, Natalie Janine Garnes's motions are without merit and should be denied.[2]

Natalie filed a Notice of Appeal challenging the probate court's order.

## Jurisdiction

"[C]ourts always have jurisdiction to determine their own jurisdiction." *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 146 n.14 (Tex. 2012) (internal quotations omitted); *see also Royal Indep. Sch. Dist. v. Ragsdale*, 273 S.W.3d 759, 763 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (holding appellate court can consider its jurisdiction *sua sponte* because "jurisdiction is fundamental in nature and may not be ignored"). An appellate court must determine, even *sua sponte*, the question of its jurisdiction; the lack of jurisdiction cannot be ignored simply because the parties do not raise the issue. *See Walker Sand, Inc. v. Baytown Asphalt*

---

[2] The probate court did not rule on Natalie's Motion to Appoint in its October 7, 2020 order. And there is nothing in the record reflecting a ruling on such motion after October 7, 2020.

*Materials, Ltd.*, 95 S.W.3d 511, 514 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *see also Univ. of Tex. Sw. Med. Ctr. at Dall. v. Loutzenhiser*, 140 S.W.3d 351, 358 (Tex. 2004) (explaining "a court is *obliged* to ascertain that subject matter jurisdiction exists regardless of whether the parties have questioned it"). Whether we have jurisdiction is a question of law we review de novo. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007). If this is an appeal over which we lack jurisdiction, we must dismiss it. *Ragsdale*, 273 S.W.3d at 763.

This Court has civil appellate jurisdiction only over final judgments and interlocutory orders authorized as appealable by statute. *See* TEX. CIV. PRAC. & REM. CODE §§ 51.012, 51.014(a); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (holding "the general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment"). Probate proceedings, however, present "an exception to the 'one final judgment' rule[.]" *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) (quoting *Lehmann*, 39 S.W.3d at 192). "[I]n such cases, 'multiple judgments final for purposes of appeal can be rendered on certain discrete issues.'" *Id.* (quoting *Lehmann*, 39 S.W.3d at 192). This exception reflects the necessity of reviewing "'controlling, intermediate decisions before an error can harm later phases of the proceeding[.]'" *Id.* (quoting *Logan v. McDaniel*, 21 S.W.3d 683, 688 (Tex. App.—Austin 2000, pet. denied)).

6

The Texas Supreme Court in *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) reaffirmed the test for finality of orders in probate proceedings first adopted in *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995). The Court in *De Ayala* explained:

> If there is an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.

193 S.W.3d at 578 (citing *Crowson*, 897 S.W.2d at 783); *see also Young v. First Cmty. Bank, N.A.*, 222 S.W.3d 454, 457 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

## Discussion

Natalie, Carl's granddaughter and a devisee under his will, filed two motions relevant to this appeal. She filed a (1) Motion for Summary Judgment arguing she has a prior statutory right to be appointed successor dependent administratrix for Carl's estate under Sections 304.001 and 361.103 of the Texas Estates Code, and (2) a Motion to Vacate the order appointing Alma dependent administratrix of Carl's estate for lack of notice. Each motion addresses independent grounds for relief. We address our jurisdiction to review the probate court's ruling on each motion separately.

7

**A.       Motion for Summary Judgment**

Natalie filed her Application to Appoint seeking to be appointed successor dependent administratrix for Carl's estate under Sections 304.001 and 361.103 of the Texas Estates Code.  Section 361.103 provides

> If letters testamentary or of administration have been granted to a person and another person applies for letters, the court shall revoke the initial letters and grant letters to the second applicant if the second applicant:
>
> (1) is qualified;
>
> (2) has a prior right to the letters; and
>
> (3) has not waived the prior right to the letters.

TEX. EST. CODE § 361.103.  Under Section 304.001, a probate court must grant letters of administration "to persons qualified to act" in order of priority.  Relevant to our analysis, "any devisee of the decedent" has the highest status.[3]  *See* TEX. EST. CODE § 304.001(a)(4).  A devisee, however, is disqualified to serve if the person is "unsuitable."  *Id.* § 304.003(5).  Although the Estates Code does not define the term "unsuitable," courts have recognized that a person who has a conflict of interest related to the decedent's estate is "unsuitable" to serve.  *See Pine v. deBlieux*, 360

---

[3]     The first four categories of persons with priority under Section 304.001 are inapplicable with respect to the dispute between Natalie and Alma.  *See* TEX. EST. CODE § 304.001(a)(1)–(3) (granting person named "as executor in the decedent's will" or "designated as administrator as authorized under Section 254.006" highest priority, then "the decedent's surviving spouse" and "the principal devisee of the decedent" priority, in that order).

S.W.3d 45, 48, 51 (Tex. App.—Houston [1st Dist.] 2011, pet. denied) (holding daughter's conflict of interest rendered her unsuitable as matter of law to serve as successor independent administrator of her father's estate); *see also In re Estate of Robinson*, 140 S.W.3d 801, 807 (Tex. App.—Corpus Christi 2004, pet. dism'd) ("While there is no 'bright line' test to be applied, generally a person claiming ownership of property, to the exclusion of the estate, is deemed unsuitable because of the conflict of interest between the person and the estate . . . .").

Natalie filed her Motion for Summary Judgment based on her Application to Appoint arguing that as a matter of law, she has a prior statutory right to be appointed successor dependent administratrix of Carl's estate over Alma. She argued she was entitled to summary judgment because Alma had presented no competent summary judgment evidence showing Natalie is disqualified to serve or that Alma has a higher priority to serve than Natalie. Natalie incorporated by reference her Application to Appoint, where she requested to be appointed as successor dependent administratrix of Carl's estate.

Alma responded to the Motion for Summary Judgment arguing Natalie was not entitled to summary judgment because there are questions of material fact over Natalie's suitability to serve due to alleged conflicts of interest. *See* TEX. EST. CODE § 304.003(5) (stating person is not qualified to serve as executor or administrator if person is "a person who the court finds unsuitable"); *Pine*, 360 S.W.3d at 48, 51

9

(holding daughter's conflict of interest rendered her unsuitable as matter of law to serve as successor independent administrator of her father's estate). Alma argued there was litigation pending between Carl's estate and Ruth's estate over ownership of certain overriding oil and gas royalty payments and Natalie's "conduct ha[d] aligned her financial interest with those of Ruth's estate and against Carl's estate," such that "[i]t is not in [Natalie's] best interest to advocate for Carl's estate in the pending litigation between the two estates for the same property."[4] Among other things, Alma asserted (1) Natalie had assigned her beneficiary interest in Carl's estate to Ruth's estate, (2) Natalie's mother, Dailey, is the independent executor of Ruth's estate, and (3) Natalie and Dailey are represented by the same attorney in this probate dispute.

The probate court ultimately held Alma "[had] raised genuine issues of material fact and that Contestant, Natalie Janine Garnes's No-Evidence Summary Judgment Motion should be denied." Thus, because the probate court held genuine issues of material fact exist, the issue concerning Natalie's qualification to serve as independent administratrix of Carl's estate has not been finally adjudicated. Indeed,

---

[4] In 2018, Alma filed a bill of review seeking to set aside the default declaratory judgment entered in favor of Ruth's estate in 2015 concerning ownership of "all real property, royalties and leases held by C & RC 53." The probate court granted the bill of review, but this Court later reversed the probate court's holding and remanded the case for further proceedings. *Dailey v. McAfee*, No. 01-18-01060-CV, 2020 WL 4758429 (Tex. App.—Houston [1st Dist.] Aug. 18, 2020, no pet.) (mem. op.).

10

there is no indication in the record that the probate court has ruled on Natalie's Application to Appoint.

We notified Natalie that there does not appear to be a final, appealable order in this case and requested she file a response establishing our jurisdiction over her appeal. *See* TEX. R. APP. P. 42.3(a) (allowing appellate court to dismiss case for want of jurisdiction after giving ten days' notice to parties). Although Natalie filed a response, her arguments do not adequately explain why we have jurisdiction over her appeal.[5] Natalie merely reiterates she has a prior statutory right to be appointed successor dependent administratrix under Sections 304.001 and 361.103 of the Texas Estates Code and that the "denial of that statutory right by the trial court is an independent final judgment on that issue and cause of action and is immediately appealable along with the denial of the Appellant's summary judgment motion." Then, citing to *Guyton v. Monteau*, 332 S.W.3d 687 (Tex. App.—Houston [14th Dist.] no pet.) and *Powell v. Powell*, 604 S.W.2d 491 (Tex. Civ. App. 1980, no writ), Natalie argues that Sections 304.001 and 361.103 "are specific statutes that grant priority to a specific class of individuals of which [Natalie] certainly qualifies and

---

[5]     Although this Court instructed Natalie to address how we have jurisdiction to review the probate court's order denying her Motion for Summary Judgment separately from our jurisdiction to review the probate court's order denying her Motion to Vacate, Natalie's response addresses only our purported jurisdiction over the denial of her Motion for Summary Judgment. Natalie does not address why or how we have jurisdiction over the probate court's ruling denying her Motion to Vacate.

11

that meet the *Crowson* test of appealability." *See* TEX. EST. CODE §§ 304.001, 361.103.

Natalie's arguments miss the point. The question is not whether a final ruling issued under the cited statutory provisions constitutes a final appealable judgment, an issue we do not address.[6] The question is why, given the interlocutory nature of the October 7, 2020 order, where the probate court expressly held there are issues of material fact precluding summary judgment as to Natalie's qualification to serve, we have jurisdiction to review the trial court's interlocutory order denying Natalie's Motion for Summary Judgment. *Guyton* and *Powell*, on which Natalie relies, do not address this key question.

In *Guyton*, Cynthia Monteau was removed as the administratrix of her late husband's estate, and Guyton, the child of Monteau and the decedent, applied to be named the successor administratrix. 332 S.W.3d at 689. The trial court held that Guyton was unsuitable to serve as the successor administratrix, denied Guyton's application and, on its own motion, appointed a local probate attorney as the dependent successor administrator. *Id.* at 690. In *Powell*, the wife of the decedent

___

[6]     Sections 304.001 and 361.103 of the Texas Estates Code do not expressly state that a probate court's ruling under the statutes has the effect of a final judgment, and is therefore, appealable. *Cf.* TEX. EST. CODE § 356.556(c) ("The court's action in approving or disapproving a report under Section 356.551 has the effect of a final judgment. Any person interested in the estate or in the sale is entitled to have an order entered under this section reviewed as in other final judgments in probate proceedings.").

was indicted for murder after she shot and killed her husband. 604 S.W.2d at 492. The decedent's mother applied for and received letters of administration shortly after the shooting. *Id.* at 493. After she was acquitted of the decedent's murder, the widow petitioned to remove the mother and have herself appointed, claiming priority. After a hearing, the probate court granted the widow's petition, removed the mother, and appointed the widow as administratrix. *Id.* at 492. Unlike in *Guyton* and *Powell*, the probate court here did not rule on Natalie's Application to Appoint. Instead, it denied her Motion for Summary Judgment (on the Application to Appoint) holding genuine issues of material facts exist precluding summary judgment. Thus, *Guyton* and *Powell* are inapposite.

The opinions in *Spies v. Milner*, 928 S.W.2d 317 (Tex. App.—Fort Worth 1996, no writ) and *In re Estate of Vigen*, 970 S.W.2d 597 (Tex. App.—Corpus Christi 1998, no pet.) are instructive and demonstrate why we lack jurisdiction over Natalie's appeal. In *Spies*, the trial court found Emma Spies ("Spies") to be unsuitable to serve as executor of her mother's estate and denied her application to be appointed executrix. 928 S.W.2d at 318. S. Camille Milner, who was appointed temporary administratrix, argued on appeal that the court lacked jurisdiction over the case because there was no final judgment that disposed of all issues and parties because one of Spies' siblings had filed a will contest that remained pending. *Id.* In finding that the order denying Spies' application to be appointed executrix was a

13

final, appealable order, the appellate court noted that "the order specifically states that Emma is disqualified to serve as the personal representative of Marie's estate. It is final as to Emma's rights as executrix." *Id.*

Similarly, in *In re Estate of Vigen*, the trial court found that Helen James ("James") was unsuitable to serve as executor of Wilhelm Vigen's estate because of a substantial conflict of interest between James and the estate and denied James' application for letters testamentary. 970 S.W.2d at 598. Relying on *Spies*, the appellate court determined that the order denying James' application was final and appealable because *"*the order specifically stated that James 'is disqualified to serve as executrix of the estate,'" thus settling her rights to be named as executor. *Id.* at 599; *see also Pine*, 360 S.W.3d at 46 n.1 ("An order settling someone's rights as an executor is generally a final, appealable order.") (citing *In re Estate of Vigen*, 970 S.W.2d at 599).

Unlike in *Spies* and *In re Estate of Vigen*, there has been no final adjudication of Natalie's right to be named as successor dependent administratrix of Carl's estate. The October 7, 2020 order Natalie seeks to appeal does not specifically state that Natalie is "disqualified to serve" and it also does not rule on Natalie's Application to Appoint. Instead, the probate court determined Alma had "raised genuine issues of material fact" concerning Natalie's qualification to be appointed as the dependent administratrix of Carl's estate. *See* TEX. R. CIV. P. 166a(i) (stating court must grant

14

no-evidence summary judgment motion unless respondent produces summary judgment evidence raising genuine issue of material fact).  The October 7, 2020 order is thus not a final, appealable order as to Natalie's qualification to serve and we lack jurisdiction to review it.

**B.     Motion to Vacate the Order Appointing Alma**

We also lack jurisdiction over Natalie's appeal challenging the probate court's order denying her Motion to Vacate.  Natalie moved to vacate the order appointing Alma as dependent administratrix of Carl's estate primarily on the ground she had not received adequate notice before the probate court appointed Alma and issued her letters of administration.  *See* TEX. EST. CODE § 303.001(a) ("On the filing with the clerk of an application for letters of administration, the clerk shall issue a citation to all parties interested in the estate."); *id.* § 303.002 ("A court may not act on an application for the issuance of letters of administration until service of citation has been made in the manner provided by this chapter.").  Alma responded to the Motion to Vacate and provided evidence of service.  The probate court denied Natalie's Motion to Vacate.

Under *Crowson*'s test for finality of orders in probate proceedings, an order is interlocutory unless the order disposes of all parties or issues in a particular phase of the proceedings or there is an express statute declaring the phase of the probate proceedings to be final and appealable.  *See* 897 S.W.2d at 782–83.  The purpose of

15

the "particular phase of the proceedings" from which Natalie appeals is to determine whether Alma should continue to serve as dependent administratrix of Carl's estate or whether she should be removed and Natalie appointed in her place. While the probate court's denial of Natalie's Motion to Vacate means Alma cannot be removed due to any alleged lack of notice, a question remains over whether Alma should be removed and Natalie appointed in her place based on Natalie's claim she has a superior right to be appointed as successor dependent administratrix of Carl's estate under Sections 304.001 and 361.103 of the Texas Estates Code and Alma's contention Natalie is unsuitable to serve, an issue that was not resolved by the probate court's ruling on Natalie's Motion for Summary Judgment. *See id.* at 783 (stating order disposing of all issues and all parties in probate proceeding "in the phase of the proceeding for which it was brought" is final and appealable even when proceeding remains pending as to other issues); *see also De Ayala*, 193 S.W.3d at 579 ("Because an order denying a plea to the jurisdiction and refusing to remove an executor does not end a phase of the proceedings, but sets the stage for the resolution of all proceedings, the order is interlocutory.").

We further note there is no statute expressly authorizing an appeal over the denial of a motion to remove an executor or administrator, whether as a final judgment or an immediately appealable interlocutory order. *See generally De Ayala*, 193 S.W.3d at 579 (holding order denying motion to remove independent executor

16

was interlocutory and Texas Civil Practice & Remedies Code § 51.014(a)(2), which permits interlocutory appeal of orders overruling motions to vacate orders appointing receivers or trustees, does not apply to orders refusing to remove estate executors); *cf.* TEX. EST. CODE § 356.556(c) ("The court's action in approving or disapproving a report under Section 356.551 has the effect of a final judgment.").

For these reasons, we also lack jurisdiction to review the probate court's ruling on Natalie's Motion to Vacate.

**Conclusion**

We dismiss the appeal for want of jurisdiction.


Veronica Rivas-Molloy
Justice

Panel consists of Chief Justice Radack and Justices Rivas-Molloy and Guerra.